## UNITED STATES v. KEARNS et al.
### No. 2090.

Circuit Court of Appeals, Tenth Circuit.

Nov. 12, 1940.

Keith L. Seegmiller, of Washington, D. C. (Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., Charles L. Chalender, Atty., Dept. of Justice, of Kansas City, Mo., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D.C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for appellant.

Benjamin E. Cook, of Ponca City, Okl., for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Plaintiffs seek recovery under a policy of war risk insurance admittedly lapsed for non-payment of premiums due April 1, 1919, unless kept in force by the provisions of § 516, 38 U.S.C.A.

Roy H. Kearns entered the military service of the United States May 21, 1918, and was honorably discharged March 29, 1919. While in the service he applied for and was granted a term insurance contract by the government, in the sum of $10,000, effective September 1, 1918. The beneficiaries in the policy are the plaintiffs herein. The last premium payment made on the policy was for the month of March, 1919. The insurance contract lapsed May 1, 1919, for non-payment of premiums, unless it was revived by § 516, 38 U.S.C.A. The insured died February 27, 1932.

On April 27, 1931, an informal claim for disability compensation was filed with the Veterans' Administration, and on July 30, 1931, a formal claim was submitted on Form 526. Ratings were made by the Veterans' Bureau from time to time of the insured's disability, establishing that the insured had a ten per cent partial disability from date of discharge to August 18, 1931; a temporary partial disability of thirty per cent from August 19, 1931, to September 23, 1931; temporary total disability from September 24, 1931, to November 9, 1931; a temporary partial disability of thirty-one per cent from November 10, 1931 to December 8, 1931; and permanent total disability from December 9, 1931, to date of death, February 27, 1932. Under these ratings, compensation was awarded and paid from April 27, 1930, to the date of the death of insured. No compensation was awarded or paid for the compensable disability found to exist from date of discharge to April 27, 1930, the period more than one year prior to the time when the claim was first made, because of § 499, 38 U.S.C.A., which provides that no compensation shall be paid for any period more than one year prior to the date on which a claim for compensation is filed. It is agreed that insured would have been entitled to receive an additional sum of $1084.41 under the various disability ratings were it not for the limitation of § 499, supra, and that this sum would have purchased as paid up insurance the amount for which recovery is sought, if it could be so applied under § 516, 38 U.S.C.A.

After insured's death, a demand was made by the administratrix of insured's estate for the benefits claimed under the insurance policy, and the government denied liability. On April 16, 1938, an action was instituted to recover the amount of insurance which the $1084.41 would have purchased. On April 19, 1939, the Veterans' Bureau re-examined and re-rated the claim, now holding that there was less than ten per cent disability from the date of discharge to May 17, 1931. Judgment

was for plaintiffs, and the government has appealed.

§ 516, 38 U.S.C.A., provides: "Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; and the Veterans' Administration is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law: Provided, That insurance hereafter revived under this section and section 516b of this title by reason of permanent and total disability or by death of the insured, shall be paid only to the insured, his widow, child or children, dependent mother or father, and in the order named unless otherwise designated by the insured during his lifetime or by last will and testament: Provided further, That compensation which is uncollectible by reason of the provisions of section 310 of the War Risk Insurance Act, as amended, or section 499 of this title, shall be considered as uncollected compensation for the purposes of this section. (As amended July 2, 1926, c. 723, § 16, 44 Stat. 799, May 29, 1928, c. 875, § 17, 45 Stat. 971, July 3, 1930, c. 863, § 1, 46 Stat. 1016.)"

■ In order to obtain the benefits of § 516, 38 U.S.C.A., it is necessary to establish that the policy of insurance under which a claim is made was in force while the insured suffered from a compensable disability and that compensation to which the insured was entitled thereby remains uncollected.

It is the government's position that the administrative determination of April 19, 1939, established that the insured was not suffering from a compensable disability from the date of his discharge to May 1, 1919, when the policy lapsed for nonpayment of premiums; that this determination was final and conclusive; and that therefore Section 516, supra, does not aid plaintiffs.

The right of the Bureau to review an award previously made and to diminish, increase or abolish it is expressly granted by § 494, 38 U.S.C.A. This section, however, provides that except in case of fraud participated in by the beneficiaries, no reduction in compensation shall be made retroactive.

■ In United States v. Ellison, 74 F.2d 864, the Circuit Court of Appeals for the Fourth Circuit held that where the Veterans' Bureau found that the insured was suffering from a compensable disability when the policy lapsed and was awarded compensation which matured the policy then in force, that the veteran's rights under the policy were not affected by a subsequent finding as to lack of compensable disability. This was also the ruling of the Fifth Circuit in United States v. Sellers, 75 F.2d 623. The government contends that these cases do not apply to the present controversy because in each an award had been made, while here no actual award of the uncollectible compensation had been made. The applicable portion of § 516 reads: "Provided further, That compensation which is uncollectible by reason of the provisions of section 310 of the War Risk Insurance Act, as amended, or section 499 of this title, shall be considered as uncollected compensation for the purposes of this section." The proviso does not speak of an award for compensation. It does not say that an uncollectible award shall be considered as uncollected compensation for the purposes of the section. The language used means that compensation which is uncollectible by reason of statutory inhibitions shall be considered as uncollectible compensation for the purposes of this section. It is difficult to conceive that an award ever would be made by the Bureau for compensation that was not payable. What would be the purpose of making such an award? The only purpose of an award is to pay the veteran that which he is entitled to receive.

■ The right to compensation flows from a finding that compensable disability exists. As soon as such a finding is made, the veteran is entitled to compensation.

The fact that he is barred from pressing his right to this compensation by his delay in asserting it does not destroy the right.

Our government has adopted a liberal policy toward the veterans of the World War. Prior to the amendment to section 516, the veteran lost all right to the benefits of compensation for compensable disability accruing more than one year prior to the filing of a claim, no matter how severe the disability nor how meritorious the claim. No doubt Congress recognized that this was a severe hardship on those who had suffered disability in their country's service, and it was to ameliorate this hardship that the proviso was added, providing that such compensation, while not payable to the veteran or his beneficiaries should be used to purchase insurance if it accrued while the policy was in force.

The findings of the Veterans' Bureau made within the scope and authority of the act are judicial or quasi-judicial in character and as such are clothed with the same force and effect as a judicial determination. Dennison v. Payne, 2 Cir., 293 F. 333; New Hampshire Fire Ins. Co. v. Murray, 7 Cir., 105 F.2d 212; Modern Woodmen of America v. Casados, D.C., 17 F.Supp. 763. As a result of a determination by the Bureau, rights of the veteran flowing therefrom became vested. United States v. Hines, 70 App.D.C. 36, 103 F.2d 737, 122 A.L.R. 674.

Except for the determination of the Bureau made April 19, 1939, plaintiffs would admittedly be entitled to recover. At the time suit was instituted the findings of the Board established compensable disability from the date of discharge to the date when the policy lapsed for non-payment of premiums. This determination entitled the veteran to compensation from the date of his discharge. By failing to file his claim in time, he lost the right to collect compensation from the date of discharge to April 27, 1930. Under the provisions of section 516, this uncollectible compensation automatically purchased paid up insurance in the amount for which recovery was sought, and which he or his beneficiaries were thereby entitled to recover.

The government contends that by its re-examination made after suit was instituted, it may destroy the right to recover that which admittedly would be due except for the subsequent re-examination. This is forbidden by § 499, 38 U.S.C.A. To adopt the theory of the government would require interpretation of the proviso in § 499 as though it read, in effect, that "except in case of fraud participated in by the beneficiaries, no reduction in compensation shall be made retroactive except where the re-examination establishes that no compensable disability did as a matter of fact exist." That was not the intent of Congress, as gleaned from language that is clear and free from ambiguity. The prior determinations by the Veterans' Bureau established rights in the veteran and his beneficiaries that may not be destroyed by subsequent re-examination.

The judgment is affirmed.