## LANDRETH v. WABASH R. CO.
### No. 8889.

Circuit Court of Appeals, Seventh Circuit.
Jan. 18, 1946.

Rehearing Denied Feb. 7, 1946.

Royal W. Irwin, of Chicago, Ill., for appellant.

Elmer W. Freytag and Kenneth B. Hawkins, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries resulting from alleged negligence of the defendant on August 18, 1942. The complaint was filed February 16, 1943, and alleged that both parties were engaged in interstate commerce at the time of the event.

The only error assigned is the court's overruling of plaintiff's motion to strike defendant's sixth defense. The plaintiff chose to stand upon his exceptions to that ruling and declined to plead further, whereupon the court rendered judgment dismissing the complaint at plaintiff's cost. The appeal is from that judgment.

The sixth defense in substance contains the following allegations: On November 12, 1943, defendant filed with the Industrial Commission of Illinois its application for adjustment of plaintiff's claim here sued upon, alleging that on August 18, 1942, plaintiff, while working in the course and scope of his employment with the company, sustained the injury here complained of as the result of an accident at Bement, Illinois, by reason of 'certain steel sheets falling over, striking and knocking him to the ground. Defendant requested the Commission to appoint an arbitrator for inquiry and investigation, and to set a time and place for hearing proper evidence which the parties might submit, and that an award and decision be made in con-

formity with the Workmen's Compensation Act of Illinois. Ill.R.S.1945, Chap. 48, § 138 et seq.

At the time and place of the accident defendant was engaged in carriage by land and employed more than two employees in its business, and the provisions of Section 3 of that Act automatically and without election applied to defendant and plaintiff.

Thereafter both parties were duly notified of the hearing to be had on defendant's application before the arbitrator, on January 19, 1944, at which hearing testimony was heard and evidence introduced. On January 20, 1944, the arbitrator rendered and filed with the Commission his decision to the effect that defendant and plaintiff, on August 18, 1942, were not operating under and subject to the provisions of the Workmen's Compensation Act of Illinois, and he ordered the application dismissed for lack of jurisdiction.

On February 1, 1944, within the time provided by the Act, and in all respects in compliance therewith, defendant petitioned the Commission for a review of the arbitrator's decision on the grounds that it was contrary to the law and the evidence, and that the arbitrator erred in dismissing the action for lack of jurisdiction. Due notice was given of defendant's petition for review, and it was argued by the parties before a majority of the members of the Commission on May 24, 1944.

On June 1, 1944, the Commission held the decision of the arbitrator erroneous and set it aside. It found also that the parties, at the time of plaintiff's injuries, were operating under and subject to the provisions of the Workmen's Compensation Act of Illinois; that such injuries arose out of and in the course of plaintiff's employment with defendant; that notice of such injury was given and claim for compensation therefor was made within the time required by that Act; that plaintiff's average weekly wage was in excess of $30 per week; that he had no children under sixteen years of age; that first-aid medical, surgical and hospital services were provided by defendant; that plaintiff was thereby permanently disabled, and was entitled to compensation therefor under paragraphs (e) and (f) of section 8 of the Act.

The Commission ordered defendant to pay plaintiff compensation, commencing on the day of the accident, at the rate of $16.-50 per week for a period of 266 weeks, and one week at $11.00, and thereafter a pension during his life payable at the rate of $44 per month. Defendant was further ordered to furnish such medical, surgical and hospital services as might be required on account of such injury, but was allowed credit for all compensation previously paid to plaintiff on account of such injury.

Thereafter, through writs of certiorari and scire facias, from the clerk of the Superior Court of Cook County, Illinois, plaintiff appealed from the order of the Commission to that court, and the Commission in compliance with the order certified to that court a transcript of the decision, award and other proceedings in this case, all pursuant to the provisions of the Act. Due notice, as required by the Act, was served upon defendant to show cause, if any, why such decision or award should not be reversed and set aside.

Thereupon, the defendant filed its special and limited appearance for the sole purposes of questioning the jurisdiction of the court over the subject matter and the parties thereto, and of moving to quash the writs of certiorari and scire facias issued therein, and to dismiss the proceedings for want of jurisdiction.

These motions were filed and argued by both parties, and on October 26, 1944, the court entered its order quashing the writs and dismissing the action. Under the Workmen's Compensation Act of Illinois, that order was a final one and was reviewable only by the Supreme Court of Illinois upon a writ of error, which that court in its discretion might order issued if applied for within sixty days after the rendition of the order sought to be reviewed. The order was never thus reviewed. It became a final and binding decision. It has never been reversed and still remains in full force and effect.

The answer further alleges that in September, 1942, the defendant paid plaintiff the sum of $49.50, being compensation due from August 19 to September 8, 1942, at the rate of $16.50 per week, and at regular intervals thereafter down to and including the date of the answer defendant has paid plaintiff compensation at the rate of $16.50 per week and has furnished medical, surgical and hospital services to the plaintiff, all in accordance with the terms and provisions of the Act and the decision of the Commission, and regular receipts therefor, signed by the plaintiff, on the forms provided by the Commission have been filed

by the defendant with the Commission, in accordance with the provisions of the Act.

The answer further alleges that the parties to the action before the Commission are the identical parties in the case now pending before this court and the facts upon which plaintiff now seeks to recover relate to the same accident referred to in the action before the Commission, and the issue here sought to be raised is precisely the same as that raised in the action before the Commission, that is to say, were the parties at the time of the injury engaged in intrastate commerce and subject to the terms and provisions of the Workmen's Compensation Act of Illinois, or were they engaged in interstate commerce and subject to the terms and provisions of the Federal Employers' Liability Act.

In Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 422, 70 L.Ed. 757, 53 A.L.R. 1265, the Court said:

"It is urged on behalf of respondent that the federal act is supreme and supersedes all state laws in respect of employers' liability in interstate commerce. That is quite true; but it does not advance the solution of the point in dispute, since it is equally true that, in respect of such liability arising in intrastate commerce, the state law is supreme. Judicial power to determine the question in a case brought under a state statute is in no way inferior or subordinate to the same power in a case brought under the federal act. * * *

"A judgment is as binding upon an unwilling defendant as it is upon a willing plaintiff. Nor is it material that the action or proceeding, in which the judgment, set up as an estoppel, is rendered, was brought after the commencement of the action or proceeding in which it is pleaded. * * *

"The Iowa proceeding was brought and determined upon the theory that Hope was engaged in intrastate commerce; the Minnesota action was brought and determined upon the opposite theory that he was engaged in interstate commerce. The point at issue was the same. That the Iowa court had jurisdiction to entertain the proceeding and decide the question under the state statute (Workmen's Compensation Act), cannot be doubted. Under the federal act, the Minnesota court had equal authority; but the Iowa judgment was first rendered. And, upon familiar principles, irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata. * * *"

We are convinced that this case is determinative of the question here presented. The parties and the issues are identical, and that there was testimony heard and evidence introduced before the arbitrator are factual allegations of the sixth defense which plaintiff's motion to dismiss admitted. The award of the Industrial Commission was final under the facts alleged in the answer, and had ripened into an enforceable award under the Illinois Workmen's Compensation Act, § 19 (g). It seems that the rule which forbids the reopening of a matter once judicially determined by a competent authority applies as well to the judicial and quasi judicial acts of public officers and boards as to the judgments of courts having general judicial powers. Dennison v. Payne, 2 Cir., 293 F. 333; New Hampshire Fire Ins. Co. v. Murray, 7 Cir., 105 F.2d 212; United States v. Kearns, 10 Cir., 115 F.2d 552.

Plaintiff contends, however, that the Commission did not specifically find that the parties were engaged in either intrastate commerce or interstate commerce. The court did find, however, that the parties were operating under and subject to the provisions of the Illinois Workmen's Compensation Act. We think it necessarily must follow from this finding that both parties were engaged in intrastate commerce and that they were not engaged in interstate commerce. The evidence, of course, is not before us. However, the answer alleges and the motion to dismiss it admits that evidence was heard on the issues presented. The error, if any, could have easily been corrected by an appeal to the Supreme Court of Illinois. This remedy plaintiff did not choose to pursue and it is too late to raise it here. See Hagens v. United Fruit Co., 2 Cir., 135 F.2d 842; Dennison v. Payne, supra; also Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A. L.R. 413.

In support of his contention, plaintiff relies on Hoffman v. New York, N. H. & H. R. Co., 2 Cir., 74 F.2d 227, and analogous cases. In that case, however, there was an absence of proof and findings that plaintiff was engaged in intrastate commerce. Plaintiff's motion to strike admits that evi-

dence was heard on the issues, and a fair construction of the findings compels us to conclude that plaintiff's contention in this respect is without merit.

Judgment affirmed.