**UNITED STATES of America**

v.

**William M. BOTTENFIELD, Appellant, and Evelyn G. Bottenfield, Frankstown Land Development Company, Inc.**

No. 19163.

United States Court of Appeals, Third Circuit.

Submitted April 22, 1971.

Decided April 30, 1971.

William M. Bottenfield pro se.

Issie L. Jenkins, Dept. of Justice, Tax Division, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Gilbert E. Andrews, Attys., Tax Division, Dept. of Justice, Washington, D. C., Richard L. Thornburgh, U. S. Atty., on the brief) for appellee.

Before SEITZ, ALDISERT and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

More than ten years ago, on February 20, 1961, the Tax Court determined deficiencies in federal income taxes, together with penalties, against one or both of the taxpayers for the taxable years 1947–1950. Bottenfield v. Commissioner, T.C.M. 1335 (1961). No appeal was taken and these decisions therefore became final. 26 U.S.C. § 7481(a) (1) (Supp. 1971). Assessments for the amounts determined to be due were made on July 7, 1961, but taxpayers have refused or neglected to pay the taxes.[1]

In an effort to collect, the government instituted this action, seeking, *inter alia,*

1. Assessments for the taxable years 1947–1950, including taxes, penalties, and interest, and reflecting a credit for a single payment, totaled $107,707.32. Further assessments were made in 1962 for the taxable years 1958–1960, but these years were not included in the partial summary judgment below and are not involved in this appeal.

**1008**

to foreclose tax liens which arose, 26 U.S.C. § 6321, and to sell the property to which such liens attached. Following the filing of taxpayers' answer, in which they contested the constitutionality of the "methods and procedures" of the case and alleged that they did not owe the taxes in issue, the government filed a motion for partial summary judgment, attempting to reduce to judgment taxpayers' income tax liabilities. The district court granted the motion and this appeal resulted.[2]

In support of its motion, the government produced an affidavit of a Justice Department attorney who had been involved in the litigation, certified copies of the Tax Court decisions, and exhibits which included the certificates of assessments and payments, notices of federal tax liens, and deeds to parcels of property owned by taxpayers. Taxpayers, however, filed no response to the government's motion, but chose to rest on the general denials of tax liability contained in their answer. These formal denials and other vague allegations simply did not disclose any genuine issue of material fact and were, therefore, wholly insufficient to prevent the entry of summary judgment. Fed.R.Civ. Pro. 56(c). "[W]hen deciding a motion for summary judgment, it is no legitimate function of the court to assume the existence of a genuine issue of material fact when in truth none exists." Lockhart v. Hoenstine, 411 F.2d 455, 459 (3 Cir. 1969).

Furthermore, it is obvious that the government was entitled to judgment as a matter of law. Taxpayers' liabilities for the taxable years 1947–1950 were litigated on the merits in the Tax Court and were established in decisions that were not appealed. These decisions became final, are binding on taxpayers, and are *res judicata* in this action. See United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953); Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

The partial summary judgment entered by the district court will be affirmed.

2. Fed.R.Civ.Pro. 54(b) applies to summary judgments that dispose of one or more but fewer than all of the claims asserted. Such judgments are commonly known as "partial" summary judgments. "If in an action involving multiple claims * * * the court renders a summary judgment as to one or more but fewer than all of the claims * * *, and makes the 'express determination' and 'express direction' as provided in Rule 54(b), then the judgment is final" and appealable. 6 MOORE'S FEDERAL PRACTICE § 56.20 [3.—1], at 2749 (footnote omitted). The court below made the required certification.