**WHITMAN ELECTRIC INC., Plaintiff,**

**v.**

**LOCAL 363, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL WORK-
ERS, AFL–CIO, Defendant.**

**No. 72 CIV. 4078.**

United States District Court,
S. D. New York.

June 5, 1974.

Supplemental Opinion Sept. 9, 1974.

James J. Ryan, Albany, N. Y., for plaintiff.

Richard W. Rosen, New City, N. Y., for defendant.

## MEMORANDUM OPINION and ORDER

MOTLEY, District Judge.

Plaintiff Whitman Electric, Inc., has brought this action against Local 363,

International Brotherhood of Electrical Workers, AFL–CIO, pursuant to Section 303 of the National Labor Relations Act, 29 U.S.C. § 187(b)[1] for recovery of damages resulting from an alleged secondary boycott in violation of Section 8(b)(4)(i) and (ii)(B) of the Act, 29 U.S.C. § 158(b)(4)(i) and (ii)(B).[2]

Plaintiff further alleges that defendant has attempted to cause third parties to sever various contracts with plaintiff and that defendant has caused extensive damage to electrical wiring and fixtures installed by plaintiff at the site of one of the alleged unfair labor practices.

Plaintiff previously moved for partial summary judgment on the ground that the National Labor Relations Board and this court had already decided some of the issues presented in this action against defendant. *See Local 363, International Brotherhood of Electrical Workers, AFL–CIO, and Whitman Electric Incorporated,* 201 NLRB No. 123 (1973); *McLeod v. IBEW, Local 363,* 72 Civ. 1627 (S.D.N.Y. May 10, 1972).

This court, in a memorandum opinion and order dated July 17, 1973, held that this court's opinion in *McLeod, supra,* could not be given collateral estoppel effect.

The court also ruled that it would not attach collateral estoppel effect to the NLRB decision, cited *supra,* while the Board's application to enforce its order, 29 U.S.C. § 160(e), was pending in the Court of Appeals.

The Second Circuit, however, subsequently enforced the NLRB order on November 27, 1973 (Docket No. 73–1556) and plaintiff renews its motion for partial summary judgment. Plaintiff seeks a ruling that defendant engaged in an illegal secondary boycott as alleged in its first cause of action. Defendant in turn cross-moves for partial summary judgment dismissing the second cause of action set forth in the Supplemental Complaint. The court grants plaintiff's motion and denies defendant's cross-motion for the following reasons.

Plaintiff Whitman Electric is a New York corporation engaged in the electrical contracting business. Abraham H. Maller, the NLRB Administrative Law Judge, found that Warwick Construction Company, a general contractor, had a contract with the Board of Education, Pine

1. 29 U.S.C. § 187 provides in part:
"(a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.
(b) Whoever shall be injured in his business or property by reason . . . [of] any violation of subsection (a) of this section may sue therefor in any district court of the United States . . . without respect to the amount in controversy . . . and shall recover the damages by him sustained and the cost of the suit."

2. 29 U.S.C. § 158(b)(4)(i) and (ii)(B) provides as follows:
"(b) It shall be an unfair labor practice for a labor organization or its agents—
\* \* \* \* \*
(4)(i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—
\* \* \* \* \*
(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 . . . : *Provided,* That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;
. . . ..

Bush Central School District # 1, for the construction of an elementary school in Circleville, New York. On November 16, 1971, Whitman contracted with the Board of Education to perform the necessary electrical work in connection with that construction.

On January 24, 1972, Local 363 set up a picket line in front of the job site in connection with a labor dispute with Whitman. Local 363 was protesting Whitman's recognition of a rival union, District 50, Allied and Technical Workers of the United States and Canada. The Administrative Law Judge found that Local 363 "threatened and attempted to coerce Warwick with an 'object' of forcing and requiring the Board of Education to cease doing business with Whitman," (Decision, 201 NLRB No. 123, p. 8) in violation of Section 8(b)(4)(i) and (ii)(B) of the Act.

### Plaintiff's Motion for Summary Judgment

■ Plaintiff contends that the NLRB's findings should bar re-litigation of defendant's liability for illegal secondary activity. As the Supreme Court noted in *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *Id.* at 421, 86 S.Ct. at 1560 (alternate holding); *see also Safir v. Gibson*, 432 F.2d 137, 143 (2d Cir.), *cert. denied*, 400 U.S. 942, 91 S.Ct. 241, 27 L.Ed.2d 246 (1970). Moreover, in *Safir*, the Second Circuit noted that " . . . even determinations of questions of law are conclusive between the parties on a different cause of action unless injustice would result." 432 F.2d at 143. *Res judicata*, or collateral estoppel effect, can attach to administrative agency decisions in order to bar both proceedings

before another administrative agency, *Safir, supra*, and relitigation of the same factual issues in subsequent judicial proceedings. *Utah Constr., supra; Taylor v. New York City Transit Authority*, 433 F.2d 665 (2d Cir. 1970).

■ The collateral estoppel doctrine, however, should not be applied to administrative findings in every case. Instead, a court must consider whether ". . . the factual disputes resolved were clearly relevant to issues properly before . . . [the agency] and both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings." *Utah Constr., supra*, 384 U.S. at 422, 86 S.Ct. at 1560.[3]

■ These conditions were satisfied in the NLRB proceedings. Both parties participated in the NLRB hearing, the Administrative Law Judge's findings were relevant to his determination that Local 363 had engaged in an illegal secondary boycott and the NLRB decision was reviewed, and enforced, by the Court of Appeals.

It may be that a court also has discretion to decline to be bound by administrative findings whenever there is some good reason for a new judicial inquiry into the same facts. *Cf. Old Dutch Farms, Inc. v. Milk Driv. & Dairy Emp.*, 281 F.Supp. 971 (E.D.N.Y.1968). However, defendant has not suggested any reasons why a new evidentiary hearing should be required, other than his legal argument that the findings of an administrative agency are not *res judicata*.

The court notes that the Second Circuit has said, in *dicta*, that an NLRB determination that a union has engaged in unlawful secondary activity ". . . does not bind the court confronted with the question of whether particular union activity violated § 8(b)(4) in a § 303 suit." *Old Dutch Farms, Inc. v. Milk Drivers & Dairy Emp. Union*, 359 F.2d 598, 602 n. 7 (2d Cir.), *cert. denied*, 385 U.S. 832, 87 S.Ct.

---

3. *See also* 2 K. Davis, *Administrative Law Treatise*, §§ 18.03, 18.12 (1958).

71, 17 L.Ed.2d 67 (1966). However, since the conditions[4] enumerated in *Utah Const.*, and *Safir, supra,* decisions subsequent to *Old Dutch Farms,* have been satisfied, the court concludes that collateral estoppel effect should attach to the NLRB's findings of fact. *See Painters Dist. Coun. No. 38 v. Edgewood Contracting Co.*, 416 F.2d 1081, 1085 n. 5 (5th Cir. 1969); Note, *The Applicability of Res Judicata and Collateral Estoppel to Actions Brought Under Section 8(b)(4) of the National Labor Relations Act,* 67 Mich.L.Rev. 824 (1969).

■■ The next question is whether the NLRB's conclusion that Local 363's conduct constituted an illegal secondary boycott is binding on this court. Since there has been no showing that injustice would result, the NLRB's determinations of questions of law are conclusive between the parties.[5]

However, even if the NLRB's determinations of questions of law were not conclusive, the court has determined that the Board applied the relevant legal standards correctly. The principal legal issue before the Board was whether the picketing was "primary" and, therefore, saved from the prohibition of § 8(b)(4)(B) by the proviso that "nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing."

■ The Board, applying the standards set forth in *Sailors' Union of the Pacific*, 92 NLRB 547 (1950), and approved by the Second Circuit in *NLRB v. Service Trade Chauffeurs*, 191 F.2d 65 (2nd Cir. 1951), properly determined that the picketing was illegal secondary activity.[6]

■ Defendant argues that attaching collateral estoppel effect to the NLRB decision would deprive it of its right to a jury trial on the issue of its liability for illegal secondary activity, the principal issue in the case. However, neither party has made a timely demand for a jury trial. Rule 38(b), (d), Fed.R.Civ. P.[7]

### Defendant's Cross-Motion for Partial Summary Judgment

■ Defendant moves for partial summary judgment with respect to plaintiff's second cause of action set forth in the Supplemental Complaint. Plaintiff therein alleges, *inter alia,* the defendant on two separate occasions caused extensive damage to electrical wiring and fixtures that had been installed by plaintiff at the Pine Bush Elementary School in Circleville, New York, pursuant to its contract with the Board of Education.

In support of its motion, defendant has submitted an affidavit of Pat E. Damiani, business agent of the local, (see Memorandum in Support of Defendant's Motion for Partial Summary Judgment Pursuant to Rule 56(b)), denying that members of the local were responsible for any damage to plaintiff's property. It is unclear to what extent the affidavit is based on personal knowledge. Rule 56(e), Fed.R.Civ.P.

However, assuming that it was based on personal knowledge, plaintiff has satisfied its burden of showing that there is a genuine issue for trial. In his deposition, Sanford Whitman, president of Whitman Electric, testified that, during the period of the labor dispute, he discovered that the wire had been damaged. (Deposition of Sanford Whitman, p. 76).

---

4. See p. 1220 *supra.*

5. See p. 1221 *supra.*

6. The Second Circuit's enforcement, without an accompanying written opinion of the NLRB decision, did not thereby make the administrative decision the law of this Circuit for purposes of *stare decisis.* See *United States v. Joly*, 493 F.2d 672, 676 (2d Cir., 1974). However, the interpretation of Section 8(b)(4)(B) by the administrative agen-

cy charged by Congress with enforcement of the National Labor Relations Act, is itself entitled to considerable deference. *See, e. g., NLRB v. Denver Bldg. & Construction Trades Council*, 341 U.S. 675, 691, 71 S.Ct. 943, 95 L.Ed. 1284 (1950).

7. The Board also found that Local 363 had violated Section 8(b)(7)(A) of the Act, 29 U.S.C. § 158(b)(7)(A).

While Whitman admitted that he had not seen who destroyed the wire—the damage allegedly occurred at night—the court cannot hold, on the basis of the evidence now before it, that the finder of fact on the trial would not be permitted to infer that the damage had been done by agents of defendant Local 363. On a motion for summary judgment, the inferences to be drawn from affidavits and exhibits "must be viewed in the light most favorable to the party opposing the motion." *American Mfrs. M. I. Co. v. American Broadcasting—Para. Th.*, 388 F.2d 272, 279 (2d Cir. 1967).

Plaintiff's motion for partial summary judgment is, accordingly, granted and defendant's cross-motion for partial summary judgment is denied.

Trial of this action will be limited to the following matters: 1) damages sustained by plaintiff as a proximate cause of the illegal secondary boycott; 2) the claims alleged in plaintiff's second cause of action and 3) if the claims alleged in the second cause are proved, the damages caused thereby.

So ordered.

### Supplemental Opinion

This court filed a Memorandum Opinion and Order, dated June 5, 1974, granting plaintiff's motion for partial summary judgment and denying defendant's cross-motion for partial summary judgment.

In connection with defendant's argument that attaching collateral estoppel effect to a prior decision of the National Labor Relations Board would deprive defendant of its right to a jury trial, the court noted that neither party had made a timely demand for a jury trial, as required by Fed.R.Civ.P. 38(b).[1]

However, Richard W. Rosen, defendant's counsel, in a letter dated June 18, 1974, has advised the court that he did request a jury trial in his answer to the complaint.

Rule 38(b) provides that a jury trial may be demanded in writing as to any issue, not later than 10 days after the service of the last pleading directed to such issue, and "[s]uch demand may be *indorsed* upon a pleading of the party." [Emphasis added.] However, defendant's demand was included in the body of the answer.

A demand for jury trial should be indorsed on the pleading, rather than merely set forth in the body of the pleading, to give proper notice to the Clerk and the Court in preparing trial calendars. See 5 J. Moore, *Federal Practice*, ¶ 38.40 (1971).[2]

In the instant case, because of the inconspicuousness of defendant's demand, the docket sheet did not reflect the fact that a demand had been made and the court, in ruling on plaintiff's summary judgment motion, was unaware of the demand for trial by jury.

In any event, the court rejects defendant's argument that attaching collateral estoppel effect to the NLRB decision would deprive defendant of its right to a jury trial guaranteed by the Seventh Amendment and Fed.R.Civ.P. 38(a).

Bearing in mind that NLRB cease and desist proceedings are akin to suits in equity, the court notes that collateral estoppel effect can be given judgments in equitable actions without unconstitutionally depriving the parties of their right to a jury trial in subsequent legal actions. *See, e. g., Crane Co. v. American Standard, Inc.*, 490 F.2d 332, 343 (2d Cir. 1973) (alternate holding).[3]

Finally, the court recognizes that foreclosure of an opportunity to have

---

1. Memorandum Opinion and Order, June 5, 1974, p. 1222.

2. The court, however, disagrees with Prof. Moore to the extent that he suggests that indorsement is merely the better practice.

3. However, "[o]rdinarily, one who asserts the important right to a jury trial in timely fashion is entitled to a stay of an earlier non-jury resolution of the issues which might collaterally estop exercise of his right to have them decided by the jury." *Goldman, Sachs & Co. v. Edelstein*, 494 F.2d 76, 494 F.2d at 78. (2d Cir., 1974).
Nevertheless, here, the non-jury resolution of the common issues necessarily preceded the

the factual issues tried to a jury might be a factor which the court could, in its discretion, consider in deciding whether there is some good reason for a new judicial inquiry into the same facts.[4] However, ". . . whatever . . . [the] worth [of jury trials] when an issue has not yet been litigated, its use to retry a complex question already fully and fairly aired in an adversary proceeding seems . . . to involve a net loss of substantial proportions." Shapiro & Coquillette, *The Fetish of Jury Trial in Civil Cases, A Comment on Rachal v. Hill,* 85 Harv.L.Rev. 442, 458 (1971).[5]

trial of plaintiff's subsequent private action for damages.

4. See Memorandum Opinion and Order, June 5, 1974, pp. 1221–1222.

5. The court assumes that there is a right to a jury trial in private actions brought under Section 303 of the National Labor Relations Act, 29 U.S.C. § 187(b). The right to a jury trial in new statutory actions is determined by analogy to their common law counterparts. A Section 303 action seems most analogous to an action in tort for damages, which was, of course, triable by a jury at common law.