UNITED STATES of America, Plaintiff,

v.

TOMCO STUD COMPANY, INC., a corporation, Defendant (three cases).

Civ. A. Nos. 72–C–453, 73–C–290 and 74–C–274.

United States District Court, E. D. Wisconsin.

Oct. 7, 1976.

David C. Mebane, U. S. Atty. by Warren W. Wood, Asst. U. S. Atty., Madison, Wis., for plaintiff; William J. Kilberg, Sol. of Labor, Washington, D. C., Herman Grant, Regional Sol., Richard J. Fiore, Atty., U. S. Dept. of Labor, Chicago, Ill., of counsel.

K. D. Tomlinson, President, Tomco Stud Company, Inc., Superior, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The United States of America has brought the above three actions against the corporate defendant Tomco Stud Company, Inc., to recover penalties incurred in the years 1972 and 1973 under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, et seq. Jurisdiction of this action is conferred on this court by 29 U.S.C. § 666(k).

Each case is before the Court on plaintiff's motion for summary judgment, accompanied by exhibits and affidavits of Robert B. Hanna, Area Director of the Milwaukee office of the Occupational Safety and Health Administration ("OSHA"). The defendant has submitted affidavits of Kenneth D. Tomlinson, President of Tomco Stud Company, Inc., and affidavits of several employees. For the reasons stated hereafter, plaintiff's motion for summary judgment in each action will be granted.

The following facts appear from the complaint in the first action No. 72–C–453, filed in December of 1972. The defendant corporation, a lumber mill, has an office and place of business at Itasco Station, Superior, Wisconsin, and it is at that location that the alleged violations of the Occupational Safety and Health Act occurred. As a result of an inspection of the above business premises on June 16, 1972, conducted by an authorized representative of the U. S. Secretary of Labor, a citation was issued against the defendant on July 18, 1972, under 29 U.S.C. § 658(a), for ten alleged violations of regulations promulgated pursuant to the Act. The violations cited include, *inter alia*, failure to maintain guards on various machinery, failure to provide a safe crossover walkway and stairs in the vicinity of the chip conveyor, failure to barricade unstable piles of lumber, and failure to require planer operators to wear eye protection. On that same date, July 18, 1972, a notification of a proposed penalty in the amount of $420 was sent by certified mail to the defendant and was received by

the defendant on July 21, 1975. Both the citation and the notification of proposed penalty stated that the defendant had fifteen days from receipt in which to contest the citation of penalty, pursuant to 29 U.S.C. § 659(a). The second sentence of that section states:

"If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency."

It appears from the record that the defendant did not seek to contest these alleged violations until he filed an affidavit with this court on November 18, 1974, more than two years after he received notification from the Secretary.

The second action, No. 73–C–290, invokes similar circumstances occurring in the year 1973. An inspection by an OSHA representative occurred in May of 1973, and four additional violations of the Act were found. The defendant received the citation notice and notice of proposed penalty in the amount of $905 on June 7, 1973. Again, there is no indication that he made a response until he submitted an affidavit in November of 1974. Clearly, he did not respond within the 15-day limit set forth in 29 U.S.C. § 659(a), set out above. In that affidavit, Tomlinson asserted that he had no personal knowledge of that request. However, plaintiff's Exhibit D, the two certified mail receipts, pertaining to the citation and notice of penalty, indicates that Tomlinson signed for one of the items, and a "Mr. Kerr" signed on behalf of Tomco Stud Company, Inc., for the other. Either would be sufficient to put Mr. Tomlinson on notice.

The third action, No. 74–C–274, involves $11,000 in penalties pursuant to 29 U.S.C. § 659(b) for alleged failure to correct various violations cited as a result of the 1972 inspection. Section 659(b) provides that when the Secretary has reason to believe that an employer has failed to correct a violation for which a citation has been issued, he may assess a proposed penalty. Section 659(b) has a provision similar to that of subdivision (a), that is, failure to indicate an intent to challenge such a penalty within fifteen days renders the matter a final order of the Commission and "not subject to review by any court or agency." The defendant was notified of the alleged failure to correct and the proposed additional penalty on June 7, 1973, and failed to inform the Secretary within fifteen days of his intent to contest the matter.

The Government contends that the language of § 659(a) and (b) is clear and operates to bar the defendant employer from further challenging the findings of the Secretary unless the employer has indicated his intent to contest the matter within fifteen days. All of the pertinent citations and notices received by defendant carried a provision regarding the 15-day period. The plain language of the statute and the case law support the Government's position. Unless contested by the employer within fifteen days, the citations and proposed penalties become the final order of the Commission and are not subject to review by any court or agency. In *Frank Irey, Jr., Inc. v. Occupational Safety and Health Review Commission*, 519 F.2d 1200, 1206 (3d Cir. 1974), the Court upheld § 659 and stated:

"* * * From a practical standpoint, the burden on the employer to respond is little different than that which requires a party to answer a complaint within a given time on penalty of a default judgment for a fixed sum. *Cf. Morton v. Delta Mining, Inc.*, 495 F.2d 38 (3d Cir. 1974).

"* * * An employer who chooses not to file a timely contest is deemed to have waived his right to a hearing. The citation adequately apprises him of his right to contest and of the manner in which it is to be done; subsequent si-

lence, therefore, is properly viewed as a knowing and intelligent waiver."

Also see *Atlas Roofing Company, Inc. v. Occupational Safety and Health Review Commission*, 518 F.2d 990 (5th Cir. 1975). Congress has precluded this Court from doing more than entertain a suit for recovery of penalties. This Court cannot, under these circumstances, review the fact of violation or even the amount of the penalty. See *Frank Irey, Jr., Inc. v. Occupational Safety and Health Review Commission*, supra.

As there appears no genuine issue as to any material fact,

IT IS ORDERED that plaintiff's motion for summary judgment be and it hereby is granted in each of the above-captioned actions in the following amounts with interest at the rate of 6 per cent per annum:

| Civil Action No. | Amount | Interest |
|---|---|---|
| 72–C–453 | $420.00 | 6% from August 14, 1972 |
| 73–C–290 | $905.00 | 6% from June 29, 1973 |
| 74–C–274 | $11,000.00 | 6% from June 29, 1973 |

IT IS FURTHER ORDERED that the plaintiff draft the appropriate order for judgment in each action.