UNITED STATES of America By Ray Marshall, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

JAN HARDWARE MFG. CO., INC., Defendant.

No. 77 C 1235.

United States District Court, E. D. New York.

Jan. 16, 1979.

Francis V. LaRuffa, Regional Sol. U. S. Dept. of Labor, New York City, for plaintiff by Steven D. Riskin, New York City.

Lester Lieberman, pro se, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action is brought by the United States of America to recover a penalty in the amount of $225.00 incurred as a result of an inspection of defendant's workplace pursuant to the provisions of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* ("OSHA"). Jurisdiction is predicated upon 29 U.S.C. § 666(k), which permits the United States to bring an action to recover such penalties in the United States District Court for the district where the violation is alleged to have occurred or where the employer has its principal office. The action is before the court on plaintiff's motion for summary judgment pursuant to Rule 56, F.R.Civ.P.

Defendant is a New York corporation with its principal office and place of business at 47–27 36th Street, Long Island City, New York. This is also the place of the alleged violations underlying the Secretary's charge. After an inspection by an

**734**

authorized representative of the Department of Labor, a citation was issued under 29 U.S.C. § 658(a) on January 28, 1976. Notification as required by 29 U.S.C. § 659(a) of a proposed penalty of $225.00 was sent to defendant on the same day. The notification also provided that:

"This notification and the penalty(ies) proposed by the Secretary of Labor shall be deemed to be the final order of the Occupational Safety and Health Review Commission (*an independent agency with authority to issue decisions respecting citations and proposed penalties*) not subject to review by any court or agency *unless*, within 15 working days from the date of receipt of this notification, you submit a notice of letter of contest. The letter of contest should be mailed or otherwise delivered to the Area Director named below at the address shown at the top of this notification. If no notice of contest is filed within the 15 day period the proposed penalty(ies) becomes final and is immediately payable. . . .

"Section 17(1) of the Act states: 'Civil penalties owed under this Act shall be paid into the Treasury of the United States and shall accrue to the United States and may be recovered in a civil action in the name of the United States . . . .'" (Emphasis in original.)

By letter dated February 2, 1976, defendant notified the Secretary of his intention to contest certain items for which citations issued and all the penalties proposed. The notice of contest was forwarded to the Occupational Safety and Health Review Commission ("Commission") pursuant to 29 U.S.C. § 659(c). The Secretary of Labor filed a complaint before the Commission pursuant to its rules, and after defendant's failure to answer either the complaint or a subsequent Commission order to show cause why defendant's notice of contest should not be dismissed, the Commission dismissed defendant's notice of contest and affirmed the contested items and the proposed penalty of $225.00. The Commission's order became final thirty days after its decision on May 24, 1976 pursuant to 29 U.S.C. § 659(c). Defendant did not petition for judicial review to the Court of Appeals as provided for under 29 U.S.C. § 660(a), which also limits judicial review as follows:

"No objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. . . ."

Upon defendant's failure to pay the assessed penalty, the government filed suit in the instant action. Defendant answered by letter dated July 14, 1977 and has opposed plaintiff's motion by letter dated November 14, 1978.

The above facts are undisputed. Defendant seeks, however, to prevent judgment against it on two grounds: first, it contends plaintiff has not proven the violations claimed or their relation to the penalties imposed and, second, asserts that OSHA is unconstitutional on the ground that the administrative requirements for defending against non-serious violations are beyond the financial and legal capabilities of most small businessmen. This, it is asserted, deprives the small businessman of the opportunity to defend himself and requires him to acquiesce in the agency's determinations in violation of due process and equal protection.

While we do understand defendant's position, we are constrained to agree with the government that defendant is precluded from relitigating the merits of the citation and penalties in this action brought to recover civil penalties imposed after defendant has had the opportunity to litigate the merits in a Commission proceeding and in appeal to the Court of Appeals. Hence, defendant is precluded from collaterally attacking a final order of the Commission in the circumstances presented. See *United States v. Elmer W. Adams, d/b/a Washington Equipment Co.,* 4 OSHA 1360 (S.D. Iowa 1976). See also *United States v. Tomco Stud Co.,* 420 F.Supp. 470 (E.D.Wis.1976); *United States v. Fultz,* 3 OSHA 1539 (S.D. Ind.1975); *United States v. F. A. Weber & Sons, Inc.,* 3 OSHA 1437 (W.D.Wis.1975);

*United States v. J. M. Rosa Construction Co., Inc.,* 1 OSHA 1188 (D.Conn.1973) (employer who has *failed* to contest a citation within 15 working days from receipt as provided by statute is precluded from challenging merits in government's suit to recover civil penalties).

■ This result follows from the rule that res judicata effect may attach to administrative agency determinations in appropriate circumstances, *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), which is followed in this circuit. See *Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 268 (2 Cir. 1977); *Associated Indus. of New York State, Inc. v. United States Dept. of Labor,* 487 F.2d 342, 350 n. 10 (2 Cir. 1973); *Whitman Elec. Inc. v. Local 363,* 398 F.Supp. 1218, 1221 (S.D.N.Y. 1974). Moreover, "[t]he proverbial 'right to a day in court' does not mean the actual presentation of the case in the context of a formal, evidentiary hearing, but rather the 'right to be duly cited to appear and to be afforded an opportunity to be heard'." *Mitchell v. National Broadcasting Co., supra* at 271, *quoting Olsen v. Muskegon Piston Ring Co.,* 117 F.2d 163, 165 (6 Cir. 1941). Thus, where as here, defendant appeared in the agency proceeding but defaulted in pleading and failed to comply with the agency's procedural rules, the Commission's final order is as conclusive an adjudication between the parties of whatever is essential to support the final order as if rendered after answer and litigation of the merits. See 1B *Moore's Federal Practice* ¶ 0.409[4], at 1024–25 (1974); *Tidewater Oil Co. v. Jackson,* 320 F.2d 157 (10 Cir.), *cert. denied,* 375 U.S. 942, 84 S.Ct. 347, 11 L.Ed.2d 273 (1963); *Landreth v. Wabash R. Co.,* 153 F.2d 98 (7 Cir.), *cert. denied,* 328 U.S. 855, 66 S.Ct. 1345, 90 L.Ed. 1627 (1946). Since

defendant's papers demonstrate no basis for collateral attack on the agency's determination, see 1B *Moore's Federal Practice* ¶ 0.405[4.–1] (1974); *Winterberger v. Gen. Teamsters Auto Truck Drivers,* 558 F.2d 923, 925 (9 Cir. 1977), the court concludes that defendant is precluded from mounting a belated constitutional attack in this forum whether the preclusion is based on the operation of the doctrine of res judicata or collateral estoppel. See *Winters v. Lavine,* 574 F.2d 46, 55–60 (2 Cir. 1978). See also *Mohawk Excavating v. Occupational Safety & Health Review Commission,* 549 F.2d 859, 861 n. 3 (2 Cir. 1977).

■ Finally, the court is persuaded by the government's analogy to the circumstances of foreclosure actions on tax liens where tax court orders become final and are not appealed. The Third Circuit in *United States v. Bottenfield,* 442 F.2d 1007 (3 Cir. 1971), has held that the liens were res judicata in the foreclosure action. Hence, the tax payer was precluded from relitigating the merits of the liens. There is no sound reason for not applying the same result here.

■ Although unnecessary to this decision, the court also notes that the procedures employed by the Commission as well as the Secretary of Labor are not so byzantine as to escape the understanding of one in defendant's position. The procedures for contesting a citation are clearly set forth in both the citation and the notification of proposed penalty, and, in fact, defendant in this action did issue a timely letter of contest. The court is confident that defendant could have availed itself of the opportunity to contest the citation and penalties and could have adequately protected its rights in agency proceedings even if compelled to defend itself *pro se.*[1] While the cost of

---

1. In *Frank Irey, Jr., Inc. v. Occupational Safety & H. R. Com'n,* 519 F.2d 1200, 1206 (3 Cir. 1975) (*en banc*), *aff'd,* 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), the Court of Appeals for the Third Circuit met the contention that permitting the Secretary's proposed penalty to become final unless contested by the employer within 15 days places an undue and illegal burden on him. The court stated:

"The procedures are expressly authorized by the statute and are an acceptable way to commence an administrative proceeding. From a practical standpoint, the burden on the employer to respond is little different than that which requires a party to answer a complaint within a given time on penalty of a default judgment for a fixed sum.

defending in a proceeding such as that brought by the Secretary in this case to impose penalties of $225.00 might exceed the penalty itself, this is a cost of doing business imposed upon an employer for the protection of his employees. Since the government has a legitimate interest in compliance with OSHA regulations and the safety of the workplace, it cannot be said that its exercise of discretion to enforce such compliance is unconstitutional solely because it compels what defendant characterizes as "acquiescence" in certain circumstances. See *Mohawk Excavating v. Occupational Safety & Health Review Commission, supra* at 862, upholding the constitutionality of §§ 658 and 659 of OSHA.

Accordingly, plaintiff's motion for summary judgment is granted.

SO ORDERED.

"The self-executing aspect of the Act is not violative of due process because an employer is given adequate opportunity for a hearing at a time when deprivation can still be averted. An employer who chooses not to file a timely contest is deemed to have waived his right to a hearing. The citation adequately apprises him of his right to contest and of the manner in which it is to be done; subsequent silence, therefore, is properly viewed as a knowing and intelligent waiver." (Citation omitted.)

See also *Mohawk Excavating v. Occupational Safety & Health Review Commission, supra.*