627 F.2d 1087
 80-1 USTC P 9416
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Frederick M. Egan, Plaintiff-Appellant
v.
Commissioner of Internal Revenue, Defendant-Appellee.
 No. 79-1551.
 United States Court of Appeals, First Circuit.
 April 30, 1980.
 
 1
 Before ALDRICH and BOWNES, Circuit Judges, PETTINE,* U.S. District Judge.*
 
 BOWNES, Circuit Judge
 
 2
 Appellant Frederick Egan appeals from the dismissal of his pro se complaint entitled "Show Cause Why the Department [sic -the Internal Revenue Service] Should Not be Stripped and Abolished." Although this document is nearly incomprehensible, we interpret it as an attempt to establish that the IRS had no authority to collect taxes from Egan in 1972 and 1973.
 
 
 3
 We conclude that the district court properly dismissed Egan's complaint. Because Egan had already litigated his tax liability for 1972 and 1973 in the Tax Court, whose adverse decision he did not appeal, the doctrine of res judicata barred a new lawsuit about this issue in the district court. See Commissioner v. Sunnen 333 U.S. 591, 598 (1948); United States v. Bottenfield 442 F.2d 1007, 1008 (3rd Cir.1971). See also 26 U.S.C. Sec. 6512. To the extent that Egan's complaint was also meant as a request for an injunction prohibiting the IRS from collecting taxes owed or compelling the IRS to discharge the tax lien mentioned in the complaint, relief was barred by the Anti-Injunction Act, the statutory and judicial exceptions to which do not apply in this case. 26 U.S.C. Sec. 7421(a); see Bob Jones University v. Simon 416 U.S. 725, 736-37 (1974).
 
 
 4
 Having read Egan's brief, we are, like the Tax Court, convinced of the sincerity of his tax protest. We are not, however, able to find any basis on which the district court could properly have entertained Egan's present lawsuit. Although it may be difficult for Egan to understand why the district court lacked authority to right the injustices he believes he has suffered, we must affirm the dismissal of his complaint.
 
 
 
 *
 Of the District of Rhode Island, sitting by designation