**Hal Francis RACHAL and Edward B. Hunnicutt, Defendants-Appellants,**

v.

**Grover C. HILL, et ux., on behalf of themselves and all stockholders of Mooney Corporation and Mooney Aircraft, Inc.,**

and

**Grover C. Hill, et ux., derivatively on behalf of Mooney Corporation and Mooney Aircraft, Inc., Plaintiffs-Appellees.**

No. 29585.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1970.

Hal Rachal, Midland, Tex., for defendants-appellants.

Otto B. Mullinax, Mullinax, Wells, Mauzy & Collins, Alvin A. Ohm, Dallas, Tex., Maury Maverick, Jr., San Antonio, Tex., for plaintiffs-appellees.

Before GEWIN, MORGAN and ADAMS,* Circuit Judges.

MORGAN, Circuit Judge:

This is an appeal from an order of the District Court for the Western District of Texas granting summary judgment in favor of appellee Hill in an action brought by Hill in behalf of himself and his wife, individually, and as a representative of all the stockholders in Mooney Corporation and Mooney Aircraft, Inc., and, derivatively, in behalf of the two corporations, against appellants Hal Francis Rachal, the Chairman of the Board and President of both corporations, and Edward B. Hunnicutt, their Secretary-Treasurer, to recover damages sustained as a result of violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5, 17 CFR 240.10b–5, promulgated thereunder, and Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e.

The complaint alleges that the appellants Rachal and Hunnicutt engaged in a manipulative scheme whereby, *inter alia,* they "arbitrarily set the price for the common capital stock of the * * * corporations at a constantly increasing, artificially inflated value without consideration for the financial conditions of * * * [the] corporations and other factors affecting the aforesaid securities"; "caused the * * * corporations to place a restrictive legend on the stock certificates to enable [them] to manipulate the market price for securities owned by them in [the] corporations and to give them, as controlling persons, the opportunity to remove their personal money from the said corporations at various times when they knew cash was available in the corporate treasuries"; and then resold common stock to the corporations for the artificially established price. Further, the complaint alleges that the appellants willfully failed to disclose material facts with regard to this arrangement and the true financial position of the corporations in connection with the stock purchase made by Hill and the other purchasers of the class he seeks to represent, in violation of Section 10(b) and Rule 10b–5. Finally, the complaint alleges that the appellants willfully failed to file a statement registering the issuance of the common stock sold to Hill and the other purchasers with the Securities and Exchange Commission as required by Section 5 of the Securities Act of 1933, supra.

Prior to the filing of this action, the Securities and Exchange Commission filed a complaint against Mooney Aircraft, Inc., and Mooney Corporation and the appellants, alleging that the same manipulative scheme described above and other related conduct complained of in the instant case was violative of Sections 5 and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e and 77q(a), Section 10(b) of the Securities Exchange Act of 1934, supra, and Rule 10b–5 thereunder, supra, and sought to enjoin its continuance.[1] A final judgment of per-

---

* Of the Third Circuit, sitting by designation.

1. Securities and Exchange Commission v. Mooney Aircraft, Inc., Mooney Corpora-tion, Hal Francis Rachal and Edward B. Hunnicutt, Civ.Action No. SA69CA–4 (W.D.Tex.).

manent injunction was entered by consent against the corporations on January 20, 1969. Rachal and Hunnicutt demanded and received a trial on the issues, after which the district court, sitting without a jury, entered an order of permanent injunction, on March 27, 1969, predicated on a finding "that Hal Francis Rachal and Edward B. Hunnicutt have engaged in acts and practices which constitute and will constitute violations of Sections 5 and 17(a) of the Securities Act of 1933, as amended (15 U.S.C. 77e and 77q(a)), and of Section 10(b) of the Securities Exchange Act of 1934, as amended (15 U.S.C. 78j(b)), and Rule 10b–5 promulgated thereunder (17 C.F.R. 240.15b–5) [sic.] * * *".

In its Findings of Fact and Conclusions of Law entered in conjunction with the order granting summary judgment, the district court found that the issues of fact presented by the S.E.C. complaint with respect to violations of the security laws of the United States and the fact issues presented by the complaint in the instant action are identical; that the appellants had a full and fair trial, with full opportunity to present their defenses, on the identical issues in the prior S.E.C. injunction action; and that the appellants presented no new, other or different evidence than was presented by them in the prior S.E.C. action and failed to indicate that any such evidence exists which could not have been produced in the former trial. On this basis, the district court held as a matter of law that the appellants were collaterally estopped to deny that their conduct violated the security laws of the United States and that the appellees were entitled to summary judgment on the issue of liability. The district court also granted summary judgment on the

other issues presented, awarding $1,285.-30 to appellant Hill, that amount being the purchase price of the shares of stock acquired by Hill; dismissing the class action for failure to present common questions of fact; and awarding Mooney Aircraft, Inc., and Mooney Corporation $454,000.00 from appellant Rachal, representing the amount he and members of his family received from the resale of stock to the corporations, and $5,960.00 from appellant Hunnicutt, representing what he received from the resale of stock to the corporations.

The principal issue presented by this appeal is whether the district court was correct in holding that the finding that the appellants had violated the security laws of the United States in the S.E.C. injunction action precluded the relitigation of that issue in the present case under the doctrine of collateral estoppel. The appellants contend that since Hill, the plaintiff below, was a stranger to the S.E.C. injunction action, he cannot assert the adverse determination of liability issue in that action against the appellants in the present action in the face of the requirement that collateral estoppel be mutual. Secondly, they contend that the doctrine of collateral estoppel may not be invoked to deprive them of a trial by jury on the issue of their civil liability.

■ Although many states still honor the rule of mutuality of estoppel,[2] the modern trend has been to discard the rule and preclude a party from relitigating an issue decided against him in a prior action, even if the party asserting the estoppel was a stranger to the prior action. See DeWitt v. Hall, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195, 31 A.L.R.3d 1035 (1967).[3] The federal

---

2. See Annot. 31 A.L.R.3d 1044, 1059–1067 and the cases cited therein.

3. The leading case in Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892 (1942), in which Justice Traynor, speaking for the court, said:

No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. * * Many courts have abandoned the re-

rule comports with the modern trend and thus it is clear that the requirements of mutuality need not be met for collateral estoppel to be applied in an action presenting a federal question in the courts of the United States. Bruszewski v. United States, 3 Cir., 1950, 181 F.2d 419, cert. den. 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632; United States v. United Air Lines, Inc., D.Nev., 1962, 216 F.Supp. 709, aff'd. sub nom., United Air Lines, Inc. v. Wiener, 9 Cir., 1964, 335 F.2d 379, 404–405, (adopting dist. court opinion as to collateral estoppel) cert. den. 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549. Although this circuit has never before been asked to abandon the requirement of mutuality of estoppel as a matter of federal law, we have followed the trend in the recent Texas diversity case of Seguros Tepeyac, S. A., Compania

Mexicana v. Jernigan, 5 Cir., 1969, 410 F.2d 718, cert. den. 396 U.S. 905, 90 S. Ct. 219, 24 L.Ed.2d 181.

■ This is not to say, however, that a party who receives an adverse determination of an issue in prior litigation will be forever estopped from relitigating that issue under all circumstances. While the requirement of mutuality need no longer be met, the doctrine of collateral estoppel will not be applied unless it appears that the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and that application of the doctrine will not result in an injustice to the party against whom it is asserted under the particular circumstances of the case. See United States v. Webber, 3 Cir., 1968, 396 F.2d 381,

---

quirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted [citing cases].

\* \* \* \* \*

In determining the validity of a *plea of res judicata* three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? 19 Cal.2d at 812–813, 122 P.2d at 895. In commenting on the *Bernhard* Doctrine in a frequently cited article, Professor Currie has stated:

There is no virtue in the mutuality requirement as such. The basic doctrine of the *Bernhard* case is sound. In general, one who was not a party to the prior action should be allowed to plead the former judgment against one who was a party, or in privity with a party, to the prior action, and this is true irrespective of whether the plea is asserted as the basis for a claim or as a defense. This principle furthers the policy against repeated litigation on the same issue by the same party. But the principle is limited in two distinct ways. First, it should not be applied, and the plea should not be allowed, where the result would be to create an anomaly such as would occur in the [mass tort] type of situation, where the party against whom the plea is asserted faces more than two successive actions. Sec-

ond, since the principle assumes that the party against whom the plea is asserted has had a full and fair opportunity to litigate the issue effectively, the principle should not be applied, and the plea should not be allowed, where, by reason of his former adversary's possession of the initiative, he has not had such an opportunity.

Currie, "Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine", 9 Stan.L.Rev. 281, 308 (1957).

Although Currie's reservations have been applied in some cases, see *e. g.* Berner v. British Commonwealth Pacific Airlines, Ltd., 2 Cir., 1965, 346 F.2d 532, cert. den. 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472, Currie has withdrawn his reservations in Currie, "Civil Procedure, The Tempest Brews", Calif.L.Rev. 25 (1965), stating:

[The *Bernhard* Doctrine] has no need of reservations conceived and phrased as rules of thumb by those of little faith. It need be read subject to only one reservation—one that Justice Traynor unquestionably had in mind when he wrote, and one that should have been obvious to all who had doubts about the generality of the new criteria: No legal principle, perhaps least of all the principle of collateral estoppel should ever be applied to work injustice. At 37.

See also, Semmel, "Collateral Estoppel, Mutuality and Joinder of Parties", 68 Colum.L.Rev. 1457 (1968); Annot. 31 A.L.R.3d 1044 (1970).

389; Graves v. Associated Transport, Inc., 4 Cir., 1965, 344 F.2d 894 (Virginia law). As Judge Hastie of the Third Circuit stated in the leading federal case of Bruszewski v. United States, supra, 181 F.2d at 421:

> * * * a party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time. Both orderliness and reasonable time saving in judicial administration require that this be so *unless some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case.* (Emphasis supplied.)

Although there are serious doubts as to the appropriateness of allowing a judgment in injunctive proceedings brought by the federal government to prevent future violations of the security laws to become *res judicata* as to the liability of the same defendant in a civil action for damages resulting from past violations, when asserted by a private party who was a stranger to the prior action, *cf.* Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961), we do not rest our decision on these grounds.

 It is clear that had it not been for the prior adverse determination of the issue of liability by the district court sitting without a jury in the S.E.C. injunction proceeding, the appellants would have been, without question, entitled to a trial by jury as a matter of right under the Seventh Amendment to the United States Constitution and Rule 38, Federal Rules of Civil Procedure.[4] The central question thus presented is whether a litigant can lose his constitutional right to a trial by jury by estoppel when the issue to be decided has been adjudicated adversely to him in a prior proceeding at which there was no right to a trial by jury and his present adversary was not a party.

Although we find no case directly in point,[5] there is a plethora of analogous cases holding under the Seventh Amendment that whenever an equitable claim and a legal claim, the resolution of which depend on the determination of a common factual issue, are joined in the same action, the common issue must be first tried before a jury, even if the equitable claim was brought first or if the legal claim is merely incidental to the equitable. See Annot. 17 A.L.R.3d 1321 and cases cited therein. In the leading case of Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), the plaintiff brought an action seeking declaratory relief and for an injunction to prevent the defendant from

4. The appellees, plaintiffs below, demanded a trial by jury on all issues in accordance with Rule 38, supra, and while the appellants, defendants below, did not, they were entitled to rely on this demand since "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties". Rule 38(d), supra. See Collins v. Government of Virgin Islands, 3 Cir., 1966, 366 F.2d 279, cert. den. 386 U.S. 958, 87 S.Ct. 1026, 18 L.Ed.2d 105.

5. The case of Painters Dist.Coun. No. 38, etc. v. Edgewood Contracting Co., 5 Cir., 1969, 416 F.2d 1081, is cited by the Appellants as an example of a denial of a trial by jury as a result of the application of the doctrine of collateral estoppel. There a prior unfair labor practice adjudication before the National Labor Relations Board which was adverse to the union and at which both the union and the employer were parties was held to estop the union from relitigating the same issue in a subsequent § 303 suit brought against the union by the employer. However, this case is distinguishable on several grounds: the parties were the same in both proceedings, and thus it was not unlike the situation in many cases holding that a prior decree in equity works a collateral estoppel to a subsequent adjudication of the same issues in an action at law between the same parties, regardless of the right to a jury trial in the law action, see e. g. Kelliher v. Stone & Webster, 5 Cir., 1935, 75 F.2d 331, nor did it raise the special considerations required to insure justice in cases where mutuality of parties is lacking; secondly, the issue of whether there was a right to trial by jury on the issues whose adjudication was held to be estopped was never raised.

bringing a treble damage antitrust action against it. The defendant asserted his compulsory counterclaim for damages and demanded a trial by jury. At the heart of each claim was the issue of whether a certain contract to which the plaintiff was a party was violative of the antitrust laws of the United States. The district court ordered that the equitable matters be tried first before the court without a jury and the defendant sought a writ of mandamus. After noting that if the equitable issues were tried first the doctrine of *res judicata* would most likely preclude further litigation of the same issues in the subsequent proceedings before a jury, the Supreme Court held:

.If there should be cases where the availability of declaratory judgment or joinder in one suit of legal and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, while no similar requirement protects trials by the court, that discretion is very narrowly limited and must, whenever possible, be exercised to preserve jury trial. As this court said in Scott v. Neely, 140 U.S. 106, 109, 110, 11 S.Ct. 712, 714, 35 L.Ed. 358, 360: "In the Federal courts this [jury] right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency." This long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. (Footnotes omitted.) At 509, 79 S.Ct. at 956–957.

Similarly, in a copyright case, the court held that the right to trial by jury under the Seventh Amendment is not lost merely because legal issues are joined to or are incidental to equitable issues. Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). See Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 5 Cir., 1961, 294 F.2d 486; Oklahoma Contracting Co. v. Magnolia Pipe Line Co., 5 Cir., 1952, 195 F.2d 391, 396, cert. den. 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.

In light of the great respect afforded in *Beacon Theatres*, supra, and its progeny, for a litigant's right to have legal claims tried first before a jury in an action where legal and equitable claims are joined, it would be anomalous to hold that the appellants have lost their right to a trial by jury on the issue of whether they are liable to respond in damages for violations of the security laws because of a prior adverse determination by the district court of the same issue in an action in which their present adversary was not a party and which arose in a different context from the present action. *Beacon Theatres*, supra, makes it clear that had Hill been a party plaintiff in the S.E.C. injunction action and there presented his claim for damages, the appellants would have received a jury trial on the issue of liability. It hardly makes sense that Hill can now assume a position superior to that to which he would have been entitled if he had been a party to the prior action. Accordingly, we hold that the application of the doctrine of collateral estoppel was not appropriate in view of the particular circumstances presented by this case and that the district court erred in granting summary judgment on the issue of liability.

The appellants also contend that summary judgment was erroneously granted because the verified complaint and certain supporting affidavits were not made on personal knowledge of the affiants as to the facts that would be

admissible in evidence and do not show affirmatively that the affiants are competent to testify to the matters stated therein as required by Rule 56(e) of the Federal Rules. Although we see no lack of compliance with the requirements of Rule 56(e), it does appear that the district court failed to find that there were no genuine issues of material fact as required by Rule 56(c), but instead entered Findings of Fact and Conclusions of Law as required by Rule 52. For this reason we must vacate the district court's order of summary judgment, and, in view of the result we have reached on the application of collateral estoppel, remand for further proceedings in accordance with Rule 56(d) in which the district court shall ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted and shall thereupon make an order specifying the facts that appear without substantial controversy, with particular regard to the amount of damages and the defense of limitations, before proceeding to trial. Hindes v. United States, 5 Cir., 1963, 326 F.2d 150, cert. den. 386 U.S. 992, 87 S.Ct. 1307, 18 L.Ed.2d 337; Neff Instrument Corporation v. Cohu Electronics, Inc., 9 Cir., 1959, 269 F.2d 668.

■■ Finally, the appellants contend that the securities involved in this case were exempted from application of the federal security laws by § 3 of the Securities Act of 1933, as amended, 15 U.S.C. § 77c, since they were short term commercial paper which had a maturity at the time of issuance not exceeding nine months. This contention is without merit. Since no notification was filed with the S.E.C. according to S.E.C. Rule 225, Regulation A, no exemption for the securities can be established. Mines and Metals Corp. v. Securities and Exch. Comm., 9 Cir., 1952, 200 F.2d 317, cert. den. 345 U.S. 941, 73 S.Ct. 832, 97 L.Ed. 1367. Likewise, the appellants' contention that the transactions here in question were exempt under § 4 of the 1933 Act, as amended, 15 U.S.C. § 77d, as not involving any public offering is unsupportable as a matter of law. Securities & Exchange Comm. v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494 (1953). This may be reflected in any order the district court may enter pursuant to Rule 56(d).

The judgment of the district court granting summary judgment is vacated and remanded for a trial before a jury on the issue of liability and for further proceedings under Rule 56(d) on the issues of damages and the defense of limitations.

Vacated and remanded.