**GOLDMAN, SACHS & CO., et al., Petitioners,**

v.

**Honorable David N. EDELSTEIN, U.S. D.J., and The Franklin Savings Bank in the City of New York, Respondents.**

No. 982, Docket 74–1298.

United States Court of Appeals, Second Circuit.

Argued March 8, 1974.

Decided March 20, 1974.

Oakes, Circuit Judge, dissented and filed opinion.

William Piel, Jr., New York City (Michael M. Maney, Philip L. Graham, Jr., Alan M. Reinke, Sullivan & Cromwell, New York City, of counsel), for petitioners.

Robert S. Stitt, New York City (George W. Taliaferro, Jr., Thacher, Proffitt & Wood, New York City, of counsel), for respondent Franklin Savings Bank.

Before MOORE, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

On Friday, March 8, 1974, we heard the petition of Goldman, Sachs & Co. pursuant to 28 U.S.C. § 1651 and Rule 21, F.R.A.P., for a writ of mandamus directing Chief Judge Edelstein to stay an order entered on March 5, 1974, for the non-jury trial of Franklin Savings Bank v. Levy, et al. (71 Civ. 882) ("*Franklin*" herein) until completion of the jury trial of Welch Foods, Inc., et al. v. Goldman, Sachs & Co. (70 Civ. 4811) ("*Welch*" herein). Both cases raise identical claims based on substantially the same proof against Goldman, Sachs and are two of fifteen similar cases pending in the Southern District of New York which were consolidated for pretrial discovery purposes by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407.

*Welch* was the earliest case filed. It asserts by far the largest claim and from the outset has been treated by the court and by the parties as the "bellwether" case for trial. The record reveals that for many months prior to February 26, 1974, all parties in the consolidated cases proceeded on that basis, with discovery in *Welch* being conducted on a more accelerated schedule than in the other cases. Although the court, at a pretrial session on December 18, 1973, offered the possibility that *Franklin* might proceed first this suggestion was not seriously pursued. Throughout that hearing and indeed until toward the close of a further pretrial hearing held on February 26, 1974, the parties and the court, by their frequent references to procedures to be followed in presenting evidence to the jury, made it abundantly clear that *Welch* was to be tried first. Toward the close of the February 26, 1974, hearing, however, the judge announced for the first time that *Franklin* would be tried first before him without a jury. Defense counsel thereupon urged that, since a prior non-jury trial might have the effect of collaterally estopping Goldman, Sachs from exercise of its right to a jury trial of the same issues in *Welch*, the court should adhere to the schedule which had been previously understood by all. When the district court by memorandum opinion dated March 4, and entered on March 5, 1974, denied a stay in *Franklin*, defendants sought emergency relief here.

■ Regardless which party first demanded a jury trial in *Welch*, petitioners are clearly entitled as a matter of right to a jury trial of the issues in that

case. See Rule 38(d), F.R.Civ.P.; 5 Moore, Federal Practice ¶ 38.45; Yates v. Dann, 223 F.2d 64, 66 (3d Cir. 1955) ("Such a demand was made by the plaintiff. It therefore 'operated as a demand by the defendant also unless withdrawn by his consent, which was not given. Bass v. Hoagland, 5 Cir., 1949, 172 F.2d 205, 209, certiorari denied 1949, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494.'").

■ Ordinarily one who asserts the important right to a jury trial in timely fashion is entitled to a stay of an earlier non-jury resolution of the issues which might collaterally estop exercise of his right to have them decided by the jury. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). However, in the context of this case, where identical issues are the subject of both jury and non-jury trials in different suits, some doubt arises, by reason of views expressed by us recently in Crane Co. v. American Standard, Inc., 490 F.2d 332 (2d Cir. 1973), p. 343 n. 15, as to whether a prior non-jury trial of the same issues in one case will estop a jury resolution of them in another.

■ Mandamus, of course, is an extraordinary remedy, available only where, in aid of appellate jurisdiction, it is necessary to compel the district court to exercise authority when it is its duty to do so and to confine it to the lawful exercise of its lawful jurisdiction. See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); United States v. United States District Court for the S.D.N.Y., 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948). However, the Supreme Court, in Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), removed any doubt regarding the propriety of using mandamus to protect a litigant's right to a jury trial of issues, citing Judge Frank's decision in Bereslavsky v. Caffey, 161 F.2d 499 (2d Cir. 1947). Indeed, in its later decision in Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), the Court implied that it is our duty to grant mandamus in aid of that right, stating (at p. 472, 82 S.Ct. at p. 897): "Our decision [in Beacon Theatres Inc. v. Westover, supra] reversing that case not only emphasizes the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury but also limits the issues open for determination here by defining the protection to which that right is entitled in cases involving both legal and equitable claims."

■ Here we are confronted with unique and exceptional circumstances which in our view warrant the issuance of emergency relief. For the district court to proceed with the non-jury trial of *Franklin* threatens destruction of Goldman, Sachs' important collateral right to a jury trial. Aside from the fact that this alone might well have entitled it to appeal directly from the denial of a stay under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), no rational basis has been shown for not adhering to the anticipated order of trials or at least permitting the jury trial of the *Welch* case to proceed simultaneously with the non-jury trial of *Franklin,* a procedure frequently used in similar cases. See, e. g., Richland v. Crandall, 262 F.Supp. 538 (S.D.N.Y. 1967).

In order to foreclose the potential destruction of the defendant's right to a jury trial in *Welch,* we on Friday, March 8, 1974, issued an order, entered on March 11, 1974, directing the district court to proceed first with the trial of *Welch* or in the alternative to consolidate *Welch* and *Franklin* for simultaneous trial.

This decision confirms the substance of the views expressed by us in open court upon the hearing of the petition.

OAKES, Circuit Judge (dissenting):

I dissent. The granting of this petition for mandamus is an improper and

unwarranted interference with docketing in the district court.

The purported basis for granting this petition is to preserve petitioner's right to a jury trial in the *Welch* case even though in the *Franklin* case it has been waived. Were petitioner's right to a jury trial in the *Welch* case actually in danger I would certainly countenance the remedy of mandamus to preserve that right, but such is not the case here.

No court has ever held, nor in my view will ever hold, that on the facts presented here petitioner would be foreclosed from litigating the facts before the jury in *Welch*. The only basis for petitioner's fear is dictum in a footnote, totally unnecessary to the decision, in Crane Co. v. American Standard, Inc., 490 F.2d 332 (2d Cir. 1973), p. 343 n. 15. As the majority states, mandamus is still an extraordinary remedy, available only when it is necessary to compel the district court to do its duty. Were the footnote in *Crane* the law in this circuit, then the district court presumably might be under a duty to take measures to safeguard petitioner's right to a jury trial in *Welch*, which otherwise would not be threatened. Yet no one has suggested that such is the law in this circuit. The majority goes no farther than to say that "some doubt arises" as to the applicability to these facts of the heretofore accepted and salutary rule that one who timely requests the right to a jury trial will not be collaterally estopped from exercising it by earlier resolution of the issues in a non-jury trial. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Rachal v. Hill, 435 F.2d 59 (5th Cir. 1970), cert. denied, 403 U.S. 904, 91 S. Ct. 2203, 29 L.Ed.2d 680 (1971). That "doubt" is in any event not sufficient to subject the district court to a duty to rearrange its schedule or to order a consolidation.

If indeed there were "doubt," it should be resolved, something the majority does not do, finding that just the "potential" harm to petitioner is sufficient to warrant granting the petition. Had the district court actually collaterally estopped petitioner in *Welch*, which would not have been likely in light of its refusal to stay *Franklin* upon arguments identical to those presented here, then the issue would properly be before this court, and this court could reflect upon the footnote in *Crane* with sufficient repose and study to reach a reasoned decision. Here the court rushed to judgment, writing an opinion only thereafter, upon a petition alleging at best the most hypothetical of questions—hypothetical because there is no indication that the district court would have held petitioner collaterally estopped in Welch.

As it is, this decision is, to my view, an improper interference with the district court docket and the exercise of discretion on the part of a trial judge under Fed.R.Civ.P. 42. The mischief to the work of the district court in granting the writ in this way is hard to calculate from our point of vantage; the jury case may take much longer to pretry—discovery in the jury case may delay the trial of the non-jury case far too long; if the cases are consolidated, (1) the jury case may take much longer to try and thereby subject the opposing party in the non-jury case (*Franklin*) to much additional expense; (2) there may be prejudice to the opposing party in the jury case (*Welch*) from the evidence adduced in the non-jury case; and (3) the judge's instructions may be made more confusing to the jury as well as more difficult to draft. Moreover, here there are 15 cases involving the same party defendant in this jurisdiction alone and others apparently pending outside the jurisdiction; the order of the majority can in no event affect those other cases pending in other circuits.

I therefore voted, and hereby reaffirm that vote, to deny the petition.