**William R. McCOOK, Plaintiff,**

**v.**

**STANDARD OIL COMPANY OF CALIFORNIA, a Delaware Corp., et al., Defendants.**

**Civ. No. 74–1190–HP.**

United States District Court,
C. D. California.

Feb. 7, 1975.

Kindel & Anderson, Roger J. Nichols, Kevin P. Kane, Los Angeles, Cal., for plaintiff.

Pillsbury, Madison & Sutro, Turner H. McBaine, Thomas J. Klitgaard, J. Brian English, San Francisco, Cal., and Lawler, Felix & Hall, Marcus Mattson, Reed A. Stout, Los Angeles, Cal., for defendant Standard Oil Co. of California.

Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for defendant Van Camp Seafood Co.

Howrey, Simon, Baker & Murchison, Washington, D. C., and McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for defendant Star-Kist Foods, Inc.

O'Melveny & Myers, Henry C. Thumann, Bertrand M. Cooper, Jr., Los Angeles, Cal., for defendant Pan American World Airways, Inc.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY ONLY OF DEFENDANT STANDARD OIL COMPANY OF CALIFORNIA

PREGERSON, District Judge.

Plaintiff, William R. McCook, brought this private civil antitrust action for violation of Section 3 of the Sherman Act, 15·U.S.C.A. § 3 (West 1973), against Standard Oil Co. of California and others. On the present motion for partial summary judgment as to the liability of defendant, Standard Oil, plaintiff requests this court to rule that a prior government civil antitrust judgment against Standard Oil has collateral estoppel effect in the present private antitrust action for treble damages. Having considered the parties' briefs, oral arguments, and affidavits, the court now concludes that all relevant portions of the judgment in the former government action are prima facie evidence against Standard Oil,[1] that the prior judgment

1. Section 5(a) of the Clayton Act, 15 U.S.C. § 16(a) (West 1973), states:

A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence

does not have collateral estoppel effect, and that plaintiff's motion for partial summary judgment must therefore be denied.

The court confronts three substantial obstacles to the application of collateral estoppel under the facts of the present case. First, the court is called upon to apply collateral estoppel offensively as a sword against defendant Standard Oil even though such application would deny it any opportunity to present evidence to a jury. Second, one case has directly held that a decree in a prior government action in equity cannot have collateral estoppel effect in a subsequent private action at law raising the same issues when defendant in the earlier action had no right to try his case before a jury. Rachal v. Hill, 435 F.2d 59 (5th Cir. 1970). Finally, to apply the doctrine of collateral estoppel, it would be necessary to conclude that Section 5(a) of the Clayton Act, 15 U.S.C.A. § 16(a), does not fully preempt the operation of the common law doctrine of collateral estoppel.

 Although mutuality is no longer required to justify the application of the doctrine of collateral estoppel, Bernhard v. Bank of America, 19 Cal.2d 807, 122 P.2d 892 (1942); Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944 (2nd Cir. 1964); Beall v. Kearney & Trecker Corp., 350 F.Supp. 978, 981 (D.Md.1972); United States v. United Air Lines, Inc., 216 F.Supp. 709, 725–729 (E.D.Wash.1962), aff'd 335 F. 2d 379 (9th Cir. 1964); Berner v. British Commonwealth Pacific Airlines, Ltd., 346 F.2d 532 (2nd Cir. 1965), many courts have either refused to apply collateral estoppel offensively against a defendant in the absence of mutuality, Nevarov v. Caldwell, 161 Cal. App.2d 762, 327 P.2d 111 (2d Dist. 1958), or have applied the doctrine offensively in what they found to be "proper cases" or when it was consistent with the "interest of justice." See Rachal v. Hill, supra at 62; Zdanok v. Glidden Co., Durkee Famous Foods Division, supra; Berner v. British Commonwealth Pacific Airlines, Ltd., supra. Since these cases clearly show that collateral estoppel is not always applied offensively in the absence of mutuality, it would seem appropriate for this court to refuse to apply the doctrine when (1) the defendant had no right to a jury trial in the first action and (2) the plaintiff was not a party to the prior action in equity, but now seeks to use the earlier equitable decree as a sword against the defendant in an action at law. By carving this small exception into the offensive use of collateral estoppel, the court slightly compromises the policy favoring an end to litigation and preserves the strong policy favoring jury trial. This result is even more appropriate in antitrust actions governed by Section 5(a) of the Clayton Act, 15 U.S.C.A. § 16(a), where the interests in efficient judicial administration and in the reduction of costs to litigants are partially protected by the prima facie effect of a decree against a defendant in a prior government antitrust action. Therefore, the court concludes that the strong public policy favoring jury trials precludes the court from applying the doctrine of collateral estoppel in this case because Standard Oil did not have a right to try its case before a jury in the prior government action, C. Hills, Antitrust Adviser, § 13.68, p. 700 (1971), and because the interest in efficient judicial administration is supported by the prima facie evidence rule of Section 5(a) of the Clayton Act.[2]

against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties there-

to: *Provided*, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title.

2. The court does not accept plaintiff's contention that the availability of advisory

■ The second obstacle to an application of the doctrine of collateral estoppel in this case, and one closely related to the considerations underlying the court's refusal to apply collateral estoppel here, is the Seventh Amendment to the Constitution. According to Rachal v. Hill, *supra,* a defendant in a private damage action cannot be collaterally estopped from relitigating issues of liability by an earlier decree in an equitable government action where defendant had no right to a jury trial. While *Rachal* seemingly bases its conclusion on the Seventh Amendment, it is just as appropriate to read the case as authority for the proposition that (1) collateral estoppel applies only when the doctrine "will not result in injustice to the party against whom it is asserted under the particular circumstances of the case," 435 F.2d at 62, and (2) this "injustice" results when the doctrine interferes with the "great respect" our tribunals have afforded the public policy favoring jury trials. 435 F.2d at 64. In other words, *Rachal* may be interpreted as creating a judicial policy exception to the general doctrine of collateral estoppel. If this interpretation is correct, then the case would not be contrary to the conclusion reached in The Fetish of Jury Trial in Civil Cases: A Comment on Rachal v. Hill, 85 Harv.L.Rev. 442 (1971), that the Seventh Amendment does not preclude a defendant in a subsequent civil action at law from being collaterally estopped by a prior action in equity. *See also,* Crane Co. v. American Standard, Inc., 490 F.2d 332, 343, n. 15 (2d Cir. 1973). Moreover, under this interpretation, *Rachal* supports the court's conclusion that the offensive use of collateral estoppel is inappropriate under the circumstances of this case not because the Seventh Amendment necessarily compels this result but because the public policy in favor of jury trials growing out of the Seventh Amendment makes this result proper and just. The court emphasizes that it is not deciding the issue of whether the Seventh Amendment itself compels this result. This determination is unnecessary under the present disposition of this motion.

■ In view of the court's conclusion that collateral estoppel is inappropriate under the circumstances of this case, it is unnecessary to determine whether this common law doctrine has been preempted by Section 5(a) of the Clayton Act. It should be noted, however, that many cases have assumed that Section 5(a) fully occupies the area or have so ruled. Purex Corp. v. Procter & Gamble Co., 308 F.Supp. 584, 589–590 (C.D.Cal.1970), aff'd 453 F.2d 288 (9th Cir. 1971); Richfield Oil Corp. v. Karseal Corp., 271 F.2d 709, 723–728 (9th Cir. 1959); Emich Motors v. General Motors, 340 U.S. 558, 560–71, 71 S.Ct. 408, 95 L.Ed. 534 (1951); Sam Fox Publishing Co. v. United States, 366 U.S. 683, 690, 81 S. Ct. 1309, 6 L.Ed.2d 604 (1961). On the other hand, the statutory history seems to suggest that Congress only intended to set a minimum standard for the effect of prior government antitrust judgments, thereby leaving the courts free to apply in accordance with constitutional limitations any common law doctrines which would increase the effect of the prior judgment beyond the prima facie evidence standard. *See* Emich Motors Corp. v. General Motors Corp., 340 U.S. at 567–68, 71 S.Ct. 408, 95 L.Ed. 534 (1951); City of Burbank v. General Electric Co., 329 F.2d 825, 831 (9th Cir. 1964); Minnesota Mining & Manufacturing Co. v. N. J. Wood Co., 381 U.S.

juries under Rule 39(c) sufficiently satisfies the public policy favoring jury trials which justifies an exception to the doctrine of collateral estoppel in this case. An advisory jury's verdict has no binding effect upon the court, (American) Lumbermens Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., 108 F.2d 497, 500 (2d Cir. 1939); 5

Moore's Federal Practice ¶ 39.10[3], p. 732 (2d Ed.1974). Moreover, the use of such a jury is within the trial judge's discretion. Missouri Pacific Transp. Co. v. George, 114 F.2d 757, 758 (8th Cir. 1940); 5 Moore's Federal Practice, ¶ 39.10[1], *supra* at p. 729.

311, 319, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965); 51 Cong.Rec. 16,276 (Oct. 7, 1914); S.Rep. No. 698, 63rd Cong., 2d Sess., 45 (July 22, 1914).

█ Having confined the operation of the prior government judgment to prima facie evidence under Section 5(a) of the Clayton Act, it becomes necessary for the court to consider the meaning of "prima facie evidence," as that term was used by Congress. According to Purex Corp. v. Procter & Gamble Co., 453 F.2d at 291:

> All that section 5(a) does is that it '. . . establishes a rebuttable presumption. It cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes no question of fact from either court or jury. At most, therefore, it is merely a rule of evidence. It does not abridge the right of trial by jury or take away any of its incidents. Nor does it in anywise work a denial of due process of law . . . .'

The case of New Jersey Wood Finishing Co. v. Minnesota Min. & Mfg. Co., 332 F.2d 346 (3rd Cir. 1964) supports the foregoing interpretation of section 5(a). In that case, the court stated:

> Judgments and decrees in government suits are only prima facie evidence of antitrust violations. The defendant still has his 'day in Court' on that issue. [Citations omitted.] He is entitled to offer rebuttal evidence to break down the force and effect of that prima facie evidence. [Citations omitted.]

332 F.2d at 358. *See also* Emich Motors Corp. v. General Motors Corp., 181 F.2d 70, 76 (7th Cir. 1950), reversed on other grounds, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951); Hansen v. G & G Trucking Co., 236 Cal.App.2d 481, 46 Cal.Rptr. 186, 193 (1st Dist. 1965); C. McCormick, Handbook of the Law of Evidence, § 309, p. 640 (1954). In view of these precedents, the court rules that the prior judgment against Standard Oil constitutes a rebuttable presumption of the existence of all facts which were actually litigated and determined in the prior action and which are relevant to the present case. Emich Motors Corp. v. General Motors Corp., 340 U.S. at 569, 71 S.Ct. 408 (1951).

In summary, the court concludes that in actions governed by Section 5(a) of the Clayton Act, 15 U.S.C.A. § 16(a), the public policy in favor of jury trials, growing out of the Seventh Amendment to the Constitution, justifies an exception to the offensive use of collateral estoppel in an action at law where mutuality is not satisfied and where a defendant was not entitled to a jury trial in the preceeding equitable action which raised the same issues. Consequently, the prior judgment in the government action against Standard Oil, United States v. Standard Oil Co. of Calif., 362 F.Supp. 1331 (N.D.Cal.1972), creates a rebuttable presumption of the existence of all facts which were actually litigated and determined against Standard Oil in the prior government antitrust action and which are relevant to the present treble damage suit. On this basis, the court denies plaintiff's motion for partial summary judgment.