**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**STANDARD LIFE CORPORATION et al., Defendants.**

**No. 75–0052–D Civil.**

United States District Court, W. D. Oklahoma.

March 24, 1976.

Robert F. Watson, Richard M. Hewitt, William V. Walker, Houston, Tex., and Maurice L. Held, Dallas, Tex., Securities and Exchange Commission, for plaintiff.

Ronald E. Stakem, of Fagin, Hewett, Mathews & Fagin, and James F. Davis, James W. Shepherd, R. Brown Wallace, and S. Paul Hammons, Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, Okl., for defendants.

James L. Hurley, pro se.

W. Rogers Abbott, II, and John C. McMurry, Chris, Rhodes, Hieronymus, Holloway & Wilson, James T. Farha, Oklahoma City, Okl., for Gerald B. Grimes, Conservator of Standard Life & Acc. Ins.

Burck Bailey, Oklahoma City, Okl., for C. Wayne Litchfield.

James P. Linn, Oklahoma City, Okl., for Trustee Dan Hogan, Family Loan, Inc., Gulf South Corp. and Gulf South Advisors, Ltd.

DAUGHERTY, Chief Judge.

## ORDER

The instant action is an injunction suit brought by Plaintiff seeking to enjoin Defendants from alleged violations of the Securities Act of 1933 (15 U.S.C. §§ 77a et seq.) and the Securities Exchange Act of 1934. (15 U.S.C. §§ 78a et seq.). Defendant Hurley made a demand for a jury trial when he Answered the Complaint. Plaintiff filed a Motion to Strike Defendant Hurley's Demand for a Jury Trial which is supported by a Brief. For his Response to said Motion, Defendant Hurley filed a Motion to Stay or In the Alternative for a Jury Trial which Motion is supported by a Brief and to which Plaintiff filed a Reply Brief in opposition thereto.

The issues as joined disclose that it is not disputed that the instant action is one for purely injunctive relief and Defendant Hurley is not entitled to a jury trial. *Bradford v. Securities and Exchange Commission*, 278 F.2d 566 (Ninth Cir. 1960). The issues raised in regard to the responsive Motion to Stay or in the Alternative for a Jury Trial constitute a controversy which must be resolved in order to rule on the interrelated Motions now considered.

The basis for said Motion to Stay is that Defendant Hurley has been sued in this Court for civil money damages in the case of *Kay v. Gulf South Mortgage Investors, et al.,* case No. CIV–75–0498–T for the same alleged Securities law violations as are involved in the instant case for injunctive relief. Defendant Hurley states he made a proper and timely demand for a jury trial in said action. It is asserted that if the instant case involving only injunctive issues were tried prior to the companion case involving legal issues for which Defendant Hurley is entitled to a jury trial that said Defendant would be deprived of his right to have the legal issues determined by a jury by reason of a possible prior determination of equitable issues in the instant action. Cited in support of his position are the cases of *Beacon Theatres v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Goldman, Sachs & Co. v. Edelstein*, 494 F.2d 76 (Second Cir. 1974).

Plaintiff's Reply sets out a contention that an Order entered in a Securities injunction action does not constitute collateral estoppel as to a later legal action for which a jury trial is allowed relying primarily on the case of *Rachal v. Hill*, 435 F.2d 59 (Fifth Cir. 1970) cert. den. 403 U.S. 904, 91 S.Ct. 2203, 29 L.Ed.2d 680.

The issues have been joined in the instant case on the pending Motions. A check of the docket of the companion case in this Court for civil damages indicates that same can be classified as complex litigation and the issues are not now joined. A Motion

for a Class Action determination is pending in said case along with other Motions.

In the case of *Pet Milk Company v. Ritter,* 323 F.2d 586 (Tenth Cir. 1963) the Court stated:

> "It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.' *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165–166, 81 L.Ed. 153. The granting of a stay ordinarily lies within the sound discretion of the district court."

In *Goldman, Sachs & Co. v. Edelstein, supra,* the majority in a divided opinion stated:

> "Ordinarily one who asserts the important right to a jury trial in timely fashion is entitled to a stay of an earlier non-jury resolution of the issues which might collaterally estop exercise of his right to have them decided by the jury. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). *However, in the content of this case, where identical issues are the subject of both jury and non-jury trials in different suits, some doubt arises, by reason of views expressed by us recently in Crane Co. v. American Standard, Inc., 490 F.2d 332 (2d Cir. 1973), p. 343 n. 15, as to whether a prior non-jury trial of the same issues in one case will estop a jury resolution of them in another."* (Emphasis supplied.)

In its conclusion, the majority stated:

> "In order to foreclose the potential destruction of the defendant's right to a jury trial in *Welch,* we . . . issued an order, . . . directing the district court to proceed first with the trial of *Welch* or in the alternative to consolidate *Welch* and *Franklin* for simultaneous trial."

The dissenting opinion states:

> "No court has ever held, nor in my view will ever hold, that on the facts presented here petitioner would be foreclosed from litigating the facts before the jury in *Welch.* The only basis for petitioner's fear is dictum in a footnote, totally unnecessary to the decision, in *Crane Co. v. American Standard, Inc.,* 490 F.2d 332 (2d Cir. 1973), p. 343 n. 15."

The "critical" footnote from *Crane Co. v. American Standard, Inc., supra,* provides:

> "15. *Rachal v. Hill,* 435 F.2d 59 (5 Cir. 1970) cert. denied, 403 U.S. 904, 91 S.Ct. 2203, 29 L.Ed.2d 680 (1971), relied on by Standard, held that defendants in a private damages action under the Securities Acts were not collaterally estopped from relitigating liability by an earlier finding that they had violated the law in an SEC injunction suit, since such a disposition would deprive them of trial by jury. The case is distinguishable on the facts since it dealt with two separate proceedings with different plaintiffs. However, along with Professor Shapiro and Mr. Coquillette, we are not at all sure that *Rachal* was correctly decided. As indicated in the text, equity decrees in the eighteenth century had preclusive effect in actions at law, and the erosion of the mutuality requirement for collateral estoppel, recognized in *Rachal,* 435 F.2d at 61–63, and later evidenced by the Supreme Court's decision in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), arguably should apply to them to the same extent as to judgments at law. See 85 Harv.L.Rev. at 454–55."

Said footnote criticizes *Rachal v. Hill, supra,* the case relied upon by Plaintiff herein. However, the distinguishing factor noted in said footnote that *Rachal v. Hill, supra,* involved two separate proceedings with different plaintiffs is present in the proceedings in the instant case and its companion case.

In *Rachal v. Hill, supra,* the Court stated:

> "It is clear that had it not been for the prior adverse determination of the issue of liability by the district court sitting without a jury in the S.E.C. injunction proceeding, the appellants would have

been, without question, entitled to a trial by jury as a matter of right under the Seventh Amendment to the United States Constitution and Rule 38, Federal Rules of Civil Procedure. The central question thus presented is whether a litigant can lose his constitutional right to a trial by jury by estoppel when the issue to be decided has been adjudicated adversely to him in a prior proceeding at which there was no right to a trial by jury and his present adversary was not a party."

After an extended discussion of the rights to a jury trial as same affects the collateral estoppel doctrine, the Court in *Rachal v. Hill, supra,* stated:

"In light of the great respect afforded in *Beacon Theatres,* supra, and its progeny, for a litigant's right to have legal claims tried first before a jury in an action where legal and equitable claims are joined, it would be anomalous to hold that the appellants have lost their right to a trial by jury on the issue of whether they are liable to respond in damages for violations of the security laws because of a prior adverse determination by the district court of the same issue in an action in which their present adversary was not a party and which arose in a different context from the present action. *Beacon Theatres,* supra, makes it clear that had Hill been a party plaintiff in the S.E.C. injunction action and there presented his claim for damages, the appellants would have received a jury trial on the issue of liability. It hardly makes sense that Hill can now assume a position superior to that to which he would have been entitled if he had been a party to the prior action. Accordingly, we hold that the application of the doctrine of collateral estoppel was not appropriate in view of the particular circumstances presented by this case and that the district court erred in granting summary judgment on the issue of liability."

In determining the instant Motions, the Court is of the opinion that the holding in *Rachal v. Hill, supra,* as same states a prior determination in a Securities injunction action does not preclude an unsuccessful litigant from defending a civil action under the collateral estoppel doctrine, is sound and would apply in the instant case.

██ In considering the case of *Goldman, Sachs & Co. v. Edelstein, supra,* the majority opinion was based on "doubt" expressed by the Court itself whether a prior non-jury trial of the same issues would estop a jury resolution of the issues in another case and the majority further stated it was acting in order to foreclose "potential" destruction of rights to a jury trial. It thus appears that said case was decided on speculation as to what the law might be and should not be considered authority for what the law is in respect to the issue in question.

██ Moreover, pursuant to the broad powers and wide discretion vested in this Court to frame the scope of appropriate equitable relief[1] it is hereby decreed that any decision of this Court in the instant action as to Defendant Hurley is to have no force or effect on the issues for determination in any other litigation to include case number CIV–75–0498–T in this Court.

The Court in exercising its discretion in regard to the instant Motion to Stay determines that said Motion should be denied. The requested stay until the companion complex litigation is completed would not serve the interests of the Court or the litigants or perhaps society.

The alternative Motion for a Jury Trial is likewise denied and the Motion to Strike Defendant Hurley's Demand for Jury Trial is sustained on the basis of the findings herein that a decision in the instant case will not operate to preclude Defendant Hurley from receiving a complete jury trial on all the issues in any companion case to the instant Securities injunction action.

---

1. *Securities & Exch. Com'n. v. United Financial Group, Inc.,* 474 F.2d 354 (Ninth Cir. 1973).