COSEKA RESOURCES (U.S.A.) LIMITED, a corporation, Plaintiff,

v.

Garland Weaver JORDAN and Cimarron Exploration Company, a corporation, Defendants.

No. CIV–77–0086–D.

United States District Court, W. D. Oklahoma.

June 9, 1977.

---

Robert J. Emery, Oklahoma City, Okl., for plaintiff.

Ralph A. Sallusti, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action for breach of an oil and gas exploration contract between Plaintiff and Defendant Cimarron Exploration Company (Cimarron). In its Complaint, Plaintiff alleges that Plaintiff entered into the contract with Defendant Cimarron whereby Defendant Cimarron agreed to assign a percentage of certain oil and gas leases to Plaintiff and to cause ten test wells to be drilled and equipped on the leased premises; that under the terms of the contract, Plaintiff agreed to pay Defendant Cimarron $450,000 to be applied to the cost of drilling and equipping said wells; that Plaintiff paid this sum to Defendant Cimarron but Defendant Cimarron applied only one-half or $225,000 of this sum to the cost of said wells; that Defendant Garland Weaver Jordan (Jordan) is the president, managing director, sole shareholder and sole employee of Defendant Cimarron; and that Defendant Jordan diverted $225,000 of the $450,-000 paid by Plaintiff under the contract to his own use. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendants herein have filed a Motion to Dismiss which is supported by a Brief and Plaintiff has filed a Brief in response to said Motion. In support of their Motion to Dismiss, Defendants contend that Case No. CIV-76-0763-D is currently pending before this Court and was brought by the Plaintiff herein and a co-plaintiff, a partnership entitled Stoltz, Wagner & Brown (SWB), on a cause of action identical to Plaintiff's cause of action herein; that Plaintiff may move to add Defendant Jordan as a party defendant in CIV-76-0763-D; and that in the interest of judicial economy and effectiveness, and to do substantial justice, the rights of all the parties are best served in a single lawsuit as all claims and defenses arise out of the same transaction or occurrence. Therefore, Defendants assert the instant action should be dismissed and the parties directed to proceed with all claims and defenses in CIV-76-0763-D.

In its Brief in response to Defendants' Motion, Plaintiff contends that Defendant Jordan's alleged embezzlement of $225,000 of the $450,000 Plaintiff paid Defendant Cimarron and Defendant Jordan's effort to shield himself from the embezzlement through the interposition of Defendant Cimarron are the sole issues involved in this action and are not raised in CIV-76-0763-D.

It appears that CIV–76–0763–D is an action brought by Plaintiff herein and SWB to recover for defendant Cimarron's alleged breach of the exploration agreement that forms the basis of the instant action and a similar agreement between Defendant Cimarron and SWB. From the record before the Court in CIV–76–0763–D the embezzlement claim raised herein does not appear to have been raised by the Plaintiffs in that case. The basis of Defendants' Motion is that there is now pending in this Court an action involving some of the same parties and similar subject matter.

The Motion, insofar as it prays for dismissal, is denied for the reason that it does not assert any of the defenses enumerated in Rule 12(b), Federal Rules of Civil Procedure. *Ainsworth v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 298 F.Supp. 479 (W.D.Okl.1969). However, inherent in the power of every court to control its docket is the power to stay proceedings in the interest of justice. *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Hines v. D'Artois*, 531 F.2d 726 (5 Cir. 1976); *Ellsberg v. Mitchell*, 353 F.Supp. 515 (D.D.C.1973). The granting of the stay ordinarily lies within the sound discretion of the district court. *Pet Milk Co. v. Ritter*, 323 F.2d 586 (10 Cir. 1963); *SEC v. Standard Life Corp.*, 413 F.Supp. 84 (W.D.Okl.1976).

In the instant case, the possibility exists of inconsistent decisions in this case and CIV–76–0763–D. A finding in CIV–76–0763–D that Defendant Cimarron did not breach its exploration agreement with Plaintiff as alleged could logically preclude a finding that Defendant Jordan embezzled part of the funds Plaintiff paid Defendant Cimarron and that consequently Defendant Cimarron breached the agreement as alleged herein. Accordingly, the Court finds and concludes that for the purposes of economy of time and effort for the Court, for counsel and for litigants the instant action should be stayed pending the final outcome of CIV–76–0763–D currently before this Court. *Landis v. North American Co., su-*

*pra; Pet Milk Co. v. Ritter, supra; SEC v. Standard Life Corp., supra.*

It is so ordered this 9th day of June, 1977.