865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Soughik KAYZAKIAN, ('Sonia'), Plaintiff--Appellant,
v.
Charles R. BUCK, Sued in his individual capacity Former
Secretary of Health; Theodore Thornton, Sued in his
individual as well as official capacity, Secretary,
Department of Personnel; Alp Karahasan, Sued in his
individual as well as official capacity, Acting Director,
Department of Health and Mental Hygiene; Sandra Leichtman,
Sued in her individual as well as official capacity Chief
Phychologist, Mental Hygiene Administration; Bruce L.
Regan, Sued in his individual as well as official capacity,
Director of Psychiatric Education and Training, Mental
Hygiene Administration, Department of Health and Mental
Hygiene; Springfield Hospital Center; Thomas F. Krajewski,
Sued in his individual as well as official capacity,
Superintendent, Springfield Hospital Center; Jonathan D.
Book, Sued in his individual as well as official capacity,
Clinical Director, Springfield Hospital Center; Peter T.
Pomilo, Sued in his individual capacity; Irfan S. Esendal,
Sued in his individual as well as official capacity,
Director, Martin Gross Unit, Springfield Hospital Center;
Reza G. Bassiri, Sued in his individual as well as official
capacity, Director, City Division, Springfield Hospital
Center; Duesdedit Jolbitado, Sued in his individual as well
as official capacity, Chair, Hospital Privileging Committee,
Springfield Hospital Center; Philip P. Townsend, Sued in
his individual as well as official capacity, Personnel
Administrator, Springfield Hospital Center; Randy Roberts,
Sued in his individual as well as official capacity,
Director, Phychological Services, Springfield Hospital
Center; Daniel R. Malone, Sued in his individual as well as
official capacity, Staff Psychologist, Springfield Hospital
Center; Jae Park, Sued in his individual as well as
official capacity, Physician, Springfield Hospital Center;
Ethel Mattegunta, Sued in her individual as well as official
capacity, Physician, Springfield Hospital Center,
Defendants--Appellees.*
 No. 87-2187.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: Dec. 20, 1988.
Rehearing Granted March 29, 1989, Order Withdrawn and
Rehearing Denied June 19, 1989.
 
 Soughik Kayzakian, appellant pro se.
 John Joseph Curran, Jr., David E. Beller, Daniel J. O'Brien (Office of the Attorney General of Maryland), for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Soughik ("Sonia") Kayzakian appeals from the district court's order dismissing her claims for relief under 42 U.S.C. Secs. 1983, 1985, 1986, 1988, and 1997(d). Appellant contends that Judge Kaufman improperly failed to recuse himself and that the doctrine of res judicata should not have been applied to bar her claims. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm the dismissal by the district court.
 
 
 2
 Under 28 U.S.C. Sec. 144, when a party files a timely and sufficient affidavit that the judge has a personal bias against him or for an adverse party, the judge is required to recuse himself. Kayzakian motion and affidavit, however, were not sufficient. Appellant bases her charge of bias only upon Judge Kaufman's familiarity with her prior case and the pre-trial decisions he made against her. Where the source of the bias is not shown to be "outside the record or a related proceeding or [related to the judge's] experience on the bench," it is not sufficient basis for disqualification. Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.1984) (emphasis added); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir.1984). Therefore, Judge Kaufman did not abuse his discretion when he did not recuse himself, and this argument by appellant presents no meritorious grounds for appeal.
 
 
 3
 Appellant also argues the doctrine of res judicata was improperly applied to bar her claims. She contends there is no identity of cause of action or privity between the parties in the present case and her prior suit, Kayzakian v. Krajewski, No. 84-1460 (4th Cir.) (unpublished), cert. denied, 479 U.S. 1018, 93 (1986).
 
 
 4
 Analysis of the two cases shows that in both suits appellant alleges the same conspiracy, seeks the same relief, and relies on the same laws or statutes. This is more than adequate to establish identity of cause of action. Nash City Bd. of Educ. v. Biltmore Co., 640 F.2d 484 (4th Cir.), cert. denied, 454 U.S. 878 (1981). Merely stating additional facts in the complaint or bringing the claims pursuant to additional statutory authority, as Kayzakian does in her present claim, does not change the nature of the cause of action. Id. at 487-88.
 
 
 5
 Appellant names as defendants in this case eight new individuals in addition to the nine defendants named in her prior suit. She contends there is no identity of parties between the two actions with respect to these eight new defendants. In order to have identity of parties between two actions, however, the parties need not be exactly the same. Strangers to prior litigation can plead estoppel based on privity. Humphreys v. Tann, 487 F.2d 666, 671 (6th Cir.1973), cert. denied, 416 U.S. 956 (1974); Zdanok v. Glidden Co., 327 F.2d 944, 954-56 (2d Cir.), cert. denied, 377 U.S. 934 (1964); Ligon v. State of Maryland, 448 F.Supp. 935 (D.C.Md.1977); (citing Rachal v. Hill, 435 F.2d 59, 61-62 (5th Cir.1970)).
 
 
 6
 Privity exists where a plaintiff attempts to relitigate the same claim by naming different governmental entities and employees as defendants. Mears v. Town of Oxford, Md., 762 F.2d 368, 371 n. 3 (4th Cir.1985); Miller v. United States, 438 F.Supp. 514, 520-21 (E.D.Pa.1977). The eight new defendants are all employees, co-workers, or administrators of the same governmental bodies as the defendants listed in the prior action and are therefore in privity with them. Also, where, as in the present case, the defendants' involvement in the original conspiracy was known to the plaintiff during the pendency of the previous action, and the complaint in this second action does not allege new facts, then privity will be found and res judicata will apply. Manego v. New Orleans Board of Trade, 773 F.2d 1, 5-7 (1st Cir.1985), cert. denied, 475 U.S. 1084 (1986).
 
 
 7
 Because the facts and legal contentions are adequately presented in the materials before the Court, appellant's motion for leave to file a formal brief is denied. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 AFFIRMED.
 
 ORDER
 
 9
 Upon consideration of the supplemental briefs filed in response to the order granting rehearing in this appeal, the court has concluded that the petition for rehearing was improvidently granted, and should have been denied.
 
 
 10
 It is accordingly ORDERED that the court's order of March 29, 1989, granting rehearing of this appeal is withdrawn as improvidently granted, and the petition for rehearing is hereby DENIED.
 
 
 11
 Entered by the direction of Judge Phillips with the concurrences of Judge Hall and Judge Murnaghan.
 
 
 
 *
 Rehearing Granted March 29, 1989